## W. D. Cleveland v. Boden, Morris & York.

### (Case No. 6173.)

1. Attachment.— An affidavit for attachment, to the effect that defendant is about to dispose of his property with intent to defraud his creditors, and that he is about to convert his property into money for the purpose of placing it beyond the reach of his creditors, is not for that cause defective. Both grounds may co-exist without inconsistency.
2. Affidavit — Certainty.— An affidavit for attachment, which by itself might be regarded as defective for want of certainty as to the amount of the debt, may be rendered certain by reference to the allegations of the petition, when consistent therewith.

Appeal from Comanche. Tried below before the Hon. W. A. Blackburn.

Suit by appellant upon a note for $930.30, dated November 16, 1873, and due December 1, 1873. Attachment issued, which was levied upon a stock of merchandise, and which was sold as perishable property.

The attachment was quashed upon motion of appellees, and judgment rendered for appellant for the amount of the note. Appellant claimed that the court erred in quashing the attachment.

*T. L. Hutchison,* for appellant, cited: Rogers *v.* Watrous, 8 Tex., 66; Culbertson *v.* Cabeen, 29 Tex., 247; Tarkinton *v.* Broussard, 51 Tex., 550; Wright *v.* Ragland, 18 Tex., 293.

Watts, J. Com. App.— In the petition as well as the affidavit for attachment the grounds upon which the writ is sought are these: "That defendants are about to dispose of their property with intent to defraud their creditors; and that the defendants are about to convert their property into money for the purpose of placing it beyond the reach of their creditors."

The real question is as to whether the two statutory grounds stated conjunctively as above are incompatible and contradictory, or whether they may not both exist at one and the same time. Whenever the grounds stated for the writ are contradictory or incompatible with each other, then the affidavit will be considered insufficient.

In this case the grounds assigned for the writ are not contradictory, nor are they incompatible with each other.

As said in Pearce *v.* Hawkins, 4 Law Review, p. 346, "the word 'dispose' is thus defined by Mr. Abbott: 'To dispose of property

is to alienate it; assign it to a use; bestow it; divest its ownership.'" To convert property into money is to dispose of the property. If that be done for the purpose of defrauding creditors, that would fully meet the requirement of the first ground. Then if the party, in addition, should intend, by thus converting his property into money, to place it beyond the reach of creditors, that would, while fully meeting the requirements of the second ground, in no way militate against the first, which, so far as it goes, covers the same acts as the other. However, the second goes beyond the first and specifies the particular acts which in anticipation are to constitute the fraud. There is nothing incompatible nor contradictory in the two grounds assigned for the writ.

This suit is upon a note for $930.30, dated November 15, 1883, due and payable the 1st day of December, 1883, with interest at the rate of ten per cent. per annum from maturity. The suit was brought and the affidavit for attachment was made before the note matured. The affidavit states that " the defendants are justly indebted to Wm. D. Cleveland in the sum of $933.30, and interest, due December 1, 1883."

It is claimed that the affidavit is defective in that the amount of the debt as therein claimed is not certain. But when compared with the cause of action as stated in the petition, all doubt as to the amount is removed. There is no variance in this respect between the affidavit, petition and writ of attachment.

None of the grounds assigned in the motion to quash the attachment are well taken, and the court erred in sustaining the motion and quashing the attachment.

Our conclusion is that the judgment of the court below ought to be reversed, and that the supreme court should now render the judgment that should have been rendered by the court below, viz.: That the motion to quash the attachment be overruled, and that appellant have and recover of appellees the amount of his debt with interest as specified in the judgment rendered by the court below; and that appellant's attachment lien be foreclosed, and that the proceeds of the personal property levied on by virtue of the writ, and which has been sold under order of the court below, be applied to the satisfaction of the judgment. And for any balance remaining unpaid let execution issue.

REVERSED AND RENDERED.

[Opinion adopted January 21, 1885.]