International & Great Northern Railway Co. v. Samuel Geiselman.

No. 984.

**Res Judicata—Damage to Land From Continuing Cause of Injury.**

A judgment against a railway company for the damages to land caused by its construction of a ditch or permanent drain, whereby water was thrown across plaintiff's land, is a bar to a second action for damages subsequently occasioned by the washing away of the soil, where no material change has been made in the ditch; such loss of soil being part of the original damage growing out of the construction of the ditch, and resulting from the continuance of a state of things that existed when the former suit was brought, operating without further agencies.

Appeal from Harris. Tried below before Hon. F. H. Brashear.

*Jones & Garnett*, for appellant.—The ditch or sewer complained of by plaintiff, being in its nature a permanent structure, as constructed in

1876, and maintained from that time, and without any further act on the part of the defendant, except keeping it in repair (if plaintiff's testimony is assumed to be true), causing the water falling in every rain to flow upon and gradually wash away plaintiff's land, but one recovery could be had for such structure and the injury thus occasioned; and the judgment in cause No. 10,857 was a complete bar to any recovery in this cause for such damage. Railway v. Anderson, 79 Texas, 427; Fowle v. Railway, 107 Mass., 352; Powers v. Council Bluffs, 45 Iowa, 652; Stodgill v. Railway, 53 Iowa, 345; Railway v. Maber, 91 Ill., 312.

No brief for appellee reached the Reporter.

GARRETT, CHIEF JUSTICE.—Appellee brought this suit in the District Court of Harris County to recover damages of the appellant for injuries to appellee's land, alleged to have been caused by the maintenance of a ditch which precipitated water upon said land and caused it to be frequently overflowed and to be torn up and wasted away. Appellant pleaded, among other defenses, a former recovery by the appellee upon the same cause of action. Appellee seeks to maintain this suit by averment and proof that within the last two years before the filing of the petition, the appellant had deepened the ditch and placed in it wooden sewers, which drained other water into it and precipitated it upon appellee's land.

Appellee's land lies south of and fronting on Buffalo bayou. It is also bounded by Buffalo and Engelke streets. Appellant has a roundhouse about 300 yards from it, and in order to drain the water from its premises, set at large by the washing of its engines, it constructed a ditch along Buffalo street to Engelke street, where there is a natural depression and drain which terminates in a gully running across the land of appellee and making into the bayou. As stated, there was a natural drainage on Engelke street and across the land before the construction of the ditch, and this had the effect to throw more water into it, a portion of this water being that used by appellant at its roundhouse. Appellee recovered a judgment against the appellant in 1882 for damages for the depreciation of his land caused by the construction of this ditch, which has been paid. The evidence fails to show any material change in the construction of the ditch, or that appellant has put any lateral or other drains into it. Ever since the construction of the ditch, an erosion of appellee's land has been going on, and the gully has deepened and enlarged by the action of the water collected into it from the ditch and elsewhere.

The evidence having shown that the ditch was a permanent structure, and had continued as it was originally constructed without any material change therein, and without anything having been done to it except to keep it in repair, the judgment of 1882 will prevent a recovery by the appellee in this action.

No damage is shown by the evidence developed at the trial below,

except such original damage as grew out of the construction of the ditch. The erosion of the gully and the washing away of appellee's land was the result of the continuance of a state of things that existed when the former suit was brought, operating without other agencies.    Railway v. Goldman, 8 Texas Civ. App., 257, and authorities cited therein.

The judgment of the court below will be reversed and judgment will be here rendered in favor of the appellant.

*Reversed and rendered.*

Delivered January 23, 1896.