CITY OF HOUSTON v. HOUSTON EAST AND WEST TEXAS RAILWAY COMPANY ET AL.

Decided May 11, 1901.

**1.—Limitation—Accrual of Cause of Action—Damages—Continuing Injury.**

Where improvements made by a city in paving its streets and changing its sewers and drainage ditches caused the flow of surface water, in times of rain, to be increased beyond the capacity of a certain culvert, resulting in the overflow of plaintiff's adjoining land, limitation did not begin to run against plaintiff's right of action for damages from the time that such improvements were made, since the making of them was not of itself the invasion of any private right, but merely the negligent execution of a lawful right, not actionable until injury had resulted therefrom.

**2.—Same—Limitations, How Applied.**

The injury in this case being continuous, the jury were properly allowed to consider such damages, and only such, as accrued within two years next preceding the filing of the suit.

**3.—Cases Followed and Distinguished.**

Railway v. Goldman, 8 Texas Civil Appeals, 257, and City of Houston v. Parr, 47 Southwestern Reporter, 393, followed; and Waterworks Company v. Kennedy, 70 Texas, 233, and Railway v. Geiselman, 12 Texas Civil Appeals, 123, distinguished.

Error from Harris. Tried below before Hon. William H. Wilson.

*Joe M. Sam* and *John S. Stewart,* for plaintiff in error.

*Baker, Botts, Baker & Lovett* and *O. S. Parker,* for defendant in error Houston East and West Texas Railway Company.

*Ed S. Phelps,* for defendant in error Sallie M. Pruett.

GILL, ASSOCIATE JUSTICE.—This suit was instituted by Sallie M. Pruett against the city of Houston, a municipal corporation, and the Houston East and West Texas Railway Company, to recover damages for injuries resulting from the overflow of plaintiff's premises caused by the alleged negligence of the city in so constructing its streets and drains as to divert the natural flow of the surface water, throwing same upon plaintiff's land, and the alleged negligence of the railroad company in constructing an insufficient culvert through its embankment, whereby said surface water was caused to overflow upon plaintiff's land.

The defendant railway company answered by general denial. The defendant city answered by general denial and plea of limitation of two years. A trial by jury resulted in a verdict and judgment for plaintiff in the sum of $625 against the city of Houston, but judgment was rendered in favor of the railroad company. The city of Houston has brought the cause here by writ of error.

The facts briefly stated are as follows: The plaintiff is the owner of a lot in the city of Houston upon which she and her family resided as a home. The lot is situated near the track and embankment of the defendant railroad company and near a culvert under and through its embankment. This culvert was constructed by the railroad company about ten years prior to the institution of this suit, and at the date of its construction and for about 9 years thereafter it was amply sufficient to carry off all the water which, by reason of the natural lay of the land as modified by the construction of its road, flowed in that direction. More than two years prior to the date of the filing of this suit the city paved certain of its streets and made changes in its sewers and drainage ditches, by reason of which the natural flow of the surface water was diverted, so that the surface water which, on account of the natural lay of the land, had hitherto flowed in other directions, was caused to flow into the ditch leading to the culvert above mentioned. This culvert, though ample in size to carry off the water, naturally flowing in that direction, was wholly insufficient to promptly carry off the increased flow of water diverted to it by the above mentioned acts of the city. As a consequence the water, even in ordinary rains, and especially during rainy seasons, accumulated in large quantities at the mouth of the culvert, overflowing the property as alleged. The act of the city in diverting the flow of the surface water without providing sufficient culverts and outlets to promptly carry it off was negligence, and plaintiff thereby suffered damages as found by the jury as the proximate result of such negligence. Such damage was so caused and suffered within two years next preceding the institution of the suit.

The railroad company is not shown to have been guilty of any negligence or wrong in constructing and maintaining the culvert.

Plaintiff in error complains that the court erred in refusing to instruct the jury to find in its favor on the plea of limitation of two years, the undisputed evidence showing that the paved streets, ditches, and sewers

constructed by the city were permanent structures constructed more than two years prior to the institution of the suit.

It is contended that if the city committed a wrong in so constructing them, plaintiff's cause of action arose at once, and suit should have been brought within the two years. In support of this contention the case of, Waterworks Company v. Kennedy, 70 Texas, 233, is cited. In that case the act complained of was a direct invasion of a private right at the time it was done, and it is well settled, both by that case and the other authorities cited by plaintiff in error that on such a state of facts the cause of action accrued at once, and this nothwithstanding the damage suffered as a consequence of the act may disclose itself long afterwards.

The case of Railway v. Geiselman, 12 Texas Civil Appeals, 123, was a second suit for damages for injury to land caused by the wrongful construction of a ditch, and it was held that as the former judgment included all damages resulting from the nature of the ditch as then constructed, and as no change had been made in the ditch since that time, the judgment was a bar to the second action.

The case of Railway v. Goldman, 8 Texas Civil Appeals, 257, was a suit for damages caused by the digging of a ditch on land adjoining plaintiff's, whereby water was caused to stand and become stagnant, rendering the neighborhood unhealthy and plaintiff's land undesirable. In that case, as in the one at bar, the conditions which caused the damage were in their nature permanent, though the injuries themselves were occasional and recurring. In the opinion in the case last cited Justice Williams makes the distinction and announces the rule that when a wrongful act amounting to a nuisance of itself creates a complete and permanent injury, the statute would run from the completion of the thing creating the nuisance, but that where the nuisance is permanent but the injury arising therefrom is not only continuous but constantly increasing, successive actions will lie until the nuisance is abated—citing Wood on Nuisances, page 197, and Waterworks v. Kennedy, supra, and other Texas cases supporting the doctrine announced. Here, as in the Goldman case, supra, the act complained of on the part of the city was its negligent exercise of a lawful right, which would never have been actionable had no damage resulted to plaintiff.

The case of the City of Houston v. Parr, 47 Southwestern Reporter, 393, is directly in point, and supports the conclusion we have reached that the court committed no eror in refusing to hold the plaintiff's action barred by the two years statute of limitation. Under the charge of the court the jury were allowed to consider only the damages accruing within the two years next preceding the filing of the suit, and the amount of the verdict is not assailed.

The complaints against the charge of the court as affecting the liability of the railroad company are without merit and will not be discussed.

The judgment is in all things affirmed.

*Affirmed.*