## CITY OF GREENVILLE v. McAFEE.
### (No. 2404.)

(Court of Civil Appeals of Texas. Texarkana. March 24, 1921.)

1. **Municipal corporations** 835 — **Evidence showed defendant city was negligent in respect of paving whereby surface water collected in front of plaintiff's lot.**

In suit for damages to plaintiff's property due to defendant city's acts and omissions in paving streets whereby surface water was diverted to where it collected in front of plaintiff's lot, evidence *held* to warrant the jury in finding that defendant city was negligent in the respects stated.

2. **Municipal corporations** 841 — **Property owner not estopped from recovering damages from collection of surface water because he petitioned for paving improvement.**

A property owner is not estopped from recovering from defendant city damages suffered by him by reason of the city's negligence in making a paving improvement whereby surface water was collected in front of the owner's lot because he petitioned the city with others for the improvement; the petition not being construable as a request to make the improvement without reference to consequences to plaintiff resulting from negligence.

3. **Appeal and error** 215(1)—**Assignments attacking instruction on grounds not urged below will not be considered.**

Assignments of error attacking an instruction as erroneous on grounds not urged in the court below will not be considered in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971.

4. **Appeal and error** 731(5) — **Assignment that verdict and judgment were contrary to evidence is too general.**

Assignment of error that the verdict and judgment is contrary to and not supported by the evidence is not entitled to consideration because too general.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Suit by John T. McAfee against the City of Greenville. From judgment for plaintiff, defendant appeals. Affirmed.

Appellee owned a dwelling house and lot fronting north on Washington street in Greenville, where he lived with his family. His suit against appellant, commenced October 24, 1919, was for damages to his property due, he alleged, to acts and omissions of appellant in paving said street and others near it, whereby surface water was diverted from its natural course to Washington street, where, because of the failure of appellant to provide sufficient means for carrying it off, it collected in front of his lot and overflowed his premises. The appeal is from a judgment against appellant in appellee's favor for $850.

At the trial appellant objected to the fourth paragraph of the court's charge to the jury, which was as follows:

"If you believe from the evidence that in the construction of the pavement and other improvements on Washington street and Texas street adjacent to the plaintiff's property defendant's employés unnecessarily diverted water that would have naturally flowed off in another direction and caused the same to collect on Washington street adjacent to plaintiff's property, or if you believe from the evidence that the defendant's said employés in the construction of the drains or outlets for the water in the pavement on Washington street made said drains or outlets too small to permit the water to run out as fast as the channel of the branch at that point would carry it, and that the defendant's employés were negligent in either respect, and that such negligence, if any, upon their part was the proximate cause of the water overflowing the curb on Washington street and running across plaintiff's property and of the damages or any part thereof complained of by him since October 24, 1917, you will find for the plaintiff and assess his damages according to the rule hereinafter given you, unless you find for the defendant under other instructions."

The grounds of the objection were stated as follows:

"The uncontradicted evidence showed that the plaintiff petitioned the city to pave Washington street in accordance with plans and specifications to be furnished by it, and the uncontradicted evidence further showed that the drains or outlets or storm sewers were a part of such specifications, and that they were constructed in strict accordance with such plans and specifications. Such being the evidence, the plaintiff was estopped as a matter of law to claim any damages arising from the inadequacy of such drains, if they were inadequate."

Appellant also objected to the seventh paragraph of said charge, which was as follows:

"Bearing in mind the foregoing instructions, if you find for the plaintiff, you will by your verdict allow him such a sum as, if paid in money at this time, will reasonably and fairly compensate him for the injuries, if any, to his property and loss, if any, sustained since October 24, 1917, and in arriving at such amount you will take into consideration the reasonable cash market value of the chickens and lumber lost by him, and as to the damage, if any, to his house and lot, you will allow him the difference, if any, between the reasonable cash market value of his house and lot immediately before and immediately after each overflow during said time, and make such sum the amount of your verdict."

The ground of the objection was that—

"Under the law and the evidence the damage to the house and lot was barred by the statute of limitation."

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

T. D. Starnes, of Greenville, for appellant.

H. O. Norwood, of Greenville, for appellee.

WILLSON, C. J. (after stating the facts as above). The contention presented by the first assignment is that the trial court erred when he instructed the jury as he did in the fourth paragraph of his charge set out in the statement above. In support of the contention appellant insists it appeared from the evidence as a matter of law that appellee was estopped from asserting a right to recover damages he suffered. The insistence is predicated on testimony showing that appellee was one of those owning property abutting on Washington street who petitioned appellant to construct concrete gutters with curbs thereon and to grade, raise, fill, and pave same according to plans, specifications, and methods selected by it, and testimony (as appellant states it) of the witness Duck, who was appellant's city engineer at the time the work was done, "that," quoting from appellant's brief, "from an engineering standpoint said streets were properly graded, filled, and paved, and that the drainage of these streets and the area involved was not changed."

It may be conceded that the witness Duck testified as stated by appellant, but he also testified:

That the plans and specifications were not such as he "would exactly approve from an engineering standpoint; that the storm sewers provided to carry off water which accumulated on Washington street were not sufficient for the purpose, and, further, that "the opening," quoting, "that went into the sewer on Washington street had an 18 by 30 inch grate. At the time I put in that grate the city had no arrangements made in the specifications and plans for storm sewer connections there. I found that the city had some inlets on hand that had been purchased by some former street commissioner. They were not appropriate for storm sewers, but they were the best we could do, and we sold some junk we had on hand and helped get some money and the general fund put up the balance to pay the labor and what pipe we had to buy for the installation of the sewer. I knew at the time I put in these vents for the storm sewers that they were not sufficiently large to take care of the flood waters, and I talked to the city council about it at the time. It was discussed frequently, and I told them it would not be sufficient to take care of the water. * * * It is true that the storm sewers were not there before the street was paved, but they could not be called an additional facility for taking care of the surface water, because the water in the street would be confined between the two curbs, and without the curbs it would have gone off in the branch in a different direction."

There was other testimony amply sufficient to support a finding that the effect of the street improvement was to divert water

230 S.W.—48

from its natural course and collect it on Washington street in front of appellee's premises, from whence it flowed over same.

It will be noted that the instruction objected to did not authorize the jury to find for appellee unless they believed that appellant in making the improvements was negligent in that it unnecessarily diverted water to and caused same to collect on Washington street, or was negligent in that it made the drains or outlets it provided for carrying off the water too small to "permit the water to run out as fast as the channel of the branch at that point would carry it."

[1, 2] We think the testimony referred to above and other testimony in the record warranted the jury in finding as they did that appellant was negligent in the respects stated. So the question presented by the assignment, when considered with reference to the record, is: Was appellee estopped from recovering damages he suffered by reason of such negligence on the part of appellant because he petitioned appellant as stated and because the improvement of Washington street was in accordance with plans and specifications selected by appellant? We think the petition to appellant to improve Washington street, in which appellee joined, should be construed as a request to make the improvement with proper care both in selecting plans and specifications therefor and in constructing same according to such plans and specifications. It seems to us it would be unreasonable to construe the petition as a request to make the improvement without any reference whatever to consequences to appellee resulting from negligence of appellant in complying with the request. As we understand the case cited by appellant (City of Texarkana v. Talbot, 7 Tex. Civ. App. 202, 26 S. W. 451) as authority for its contention to the contrary, the limitation stated of the principle invoked was recognized as existing; for in that case the Court of Civil Appeals said:

"When the plaintiff signed and presented his petition to the city council, praying for the fixing and construction of the grade upon Maple street, he consented, in the meaning of the Constitution, to all such damage as was incident to a proper and skillful construction thereof, and could only recover for injuries resulting from negligence of the city in constructing the work consented to by plaintiff."

[3] The contention presented by the second assignment is that the trial court erred when he instructed the jury as he did in the seventh paragraph of his charge, set out in the statement above. Of the several propositions under the assignment we can consider only the one as follows:

"When a nuisance is permanent in its nature, the statute of limitation begins to run from the date of its construction."

For the others attack the instruction as erroneous on grounds not urged in the court below. Article 1971, Vernon's Statutes; Schaff v. Scoggin, 202 S. W. 758.

The contention is based on testimony showing that the paving of Washington street was completed in March, 1914, and on the fact that appellee's suit was not commenced until more than two years thereafter, to wit, October 24, 1919. As supporting its contention appellant cites Houston Waterworks Co. v. Kennedy, 70 Tex. 233, 8 S. W. 36. There the act complained of was held to have been wrongful towards the owner, for which he might have maintained an action as soon as the tort was committed. Here the act of appellant in improving the street was lawful. The distinction was recognized by the Supreme Court when it said in the Kennedy Case:

"When the act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the cause of action does not accrue until the injury is sustained."

The distinction is illustrated by City of Houston v. Parr, 47 S. W. 393. There the plaintiff's suit was commenced in 1896 for damages to lots he owned from a gutter constructed by the city in 1878. By the construction of the gutter water was thrown upon the plaintiff's lots from time to time, the soil was washed away, and the property was otherwise injured. In disposing of the contention made that the plaintiff's cause of action was barred by the two-year statute of limitations the Court of Civil Appeals said:

"Counsel for appellant contends that the plaintiff's cause of action was barred because the statute of limitations was put in operation at the date of the construction of the ditch. This would be the case where the owner's property is directly invaded, as in Waterworks v. Kennedy, 70 Tex. 233, 8 S. W. 36. But here, as in Railway Co. v. Gieselman (Tex. Civ. App.) 34 S. W. 658, the ditch was constructed where the party constructing it had the right to construct it. Damages could have been recovered at the time of its construction for such depreciation to the value of the property as it then caused, and, if suit had been brought then, any subsequent recovery would have been barred as by former adjudication. But, no suit having been brought, the plaintiff still had the right to sue for and recover all such damages as may have been caused within two years prior to the time of the institution of his suit."

[4] The remaining assignment, to wit, that "the verdict and judgment is contrary to and not supported by the evidence," is not entitled to consideration, because too general. Wardlow v. Andrews, 180 S. W. 1161.

The judgment is affirmed.