## ALVEY v. SMITH.
### No. 12258.

Court of Civil Appeals of Texas. Fort Worth.
March 1, 1930.

Rehearing Denied April 19, 1930.

268

L. C. Counts, of Olney, for appellant.

W. L. Scott, of Graham, and George S. Berry, of Lubbock, for appellee.

S. A. Penix of Graham, amicus curiæ.

DUNKLIN, J.

H. K. Smith, as plaintiff, recovered a judgment against the defendant, W. M. Alvey, for debt in the sum of $295.05, with interest, and fixing and foreclosing an attachment lien on certain personal property. The defendant Alvey has prosecuted this appeal from that portion of the judgment decreeing and foreclosing the attachment lien, but he makes no complaint of the money judgment against him on which the foreclosure was based.

The only assignment of error presented is to the action of the court in overruling the defendant's motion to quash the writ of attachment which was sued out by the plaintiff and to vacate the levy of that writ, on the ground that the affidavit for attachment made by the plaintiff in order to secure the issuance of the writ stated three grounds for attachment which were inconsistent with each other, and therefore could furnish no proper basis for the issuance of the writ. The three grounds for the issuance of the writ, as stated in plaintiff's affidavit therefor, were as follows:

"First. That the said defendant is about to secrete his property for the purpose of defrauding his creditors, and

"Second. That defendant is about to remove his property or a part thereof out of Young County, where suit is brought, with intent to defraud his creditors, and

"Third. That defendant is about to convert his property or a part thereof, into money for the purpose of placing it beyond the reach of his creditors."

Article 275 of Revised Statutes of 1925 embodies twelve different grounds for the issuance of a writ of attachment, all of which are stated in the disjunctive; the word "or" following each ground. The grounds stated in the affidavit are Nos. 6, 8, and 11. Grounds 6 to 11, inclusive, appearing in the statute, read as follows:

"(6) That he is about to secrete his property for the purpose of defrauding his creditors; or

"(7) That he is about to remove his property out of the State, without leaving sufficient remaining for the payment of his debts; or

"(8) That he is about to remove his property, or a part thereof, out of the county where the suit is brought, with intent to defraud his creditors; or

"(9) That he has disposed of his property, in whole or in part, with intent to defraud his creditors; or

"(10) That he is about to dispose of his property with intent to defraud his creditors; or

"(11) That he is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors; or"

The rule of decision seems to be well settled that whenever the grounds stated for a writ of attachment are contradictory or incompatible with each other, then the affidavit will be considered insufficient and the writ will be quashed. Cleveland v. Boden, Morris & York, 63 Tex. 103. And if two separate and distinct grounds, which are in no sense a phase of the same general act, are alleged in the disjunctive, the writ is improperly issued. Culbertson v. Cabeen, 29 Tex. 247; Pearre & Co. v. Hawkins, 62 Tex. 434.

But it is also the rule that when two grounds for the writ of attachment are alleged in the affidavit therefor, which are entirely consistent with each other and are not stated disjunctively, then the attachment will not be quashed. Cleveland v. Boden, Morris & York, 63 Tex. 103; McKay v. Elder (Tex. Civ. App.) 92 S. W. 268.

We have reached the conclusion that the three grounds for attachment alleged in plaintiff's affidavit are not inconsistent or incompatible with each other, and since they are not alleged disjunctively but conjunctively, the trial court committed no error in overruling motion to quash the writ.

Accordingly, the judgment of the trial court, of which complaint is made, is affirmed.