## CITY OF ATHENS v. EVANS.

### No. 4002.

Court of Civil Appeals of Texas. Texarkana.
April 2, 1931.

Rehearing Denied April 9, 1931.

Wynne & Wynne, of Athens, for appellant.

Bishop & Holland, of Athens, for appellee.

LEVY, J.

The appellee owned lots 1 and 2 in block 19 of "the Town Donation" in the city of Athens, and he and his mother resided in the residence that had been erected upon the lots. The appellee's two lots are bounded on the north by East College street and on the east by South Carroll street. The residence faces on East College street. In the rear of the two lots was an alley. He brought this suit alleging "that defendant has paved said street (meaning South Carroll Street) and so changed the flow and drainage of the waters on and along said street so as to cause same to flow on and across his said lots; that from

and since December, 1927, even after an ordinary rainfall, the water from said street flows upon and remains upon said lots, flooding his garage, chicken yards, and garden, and destroying vegetation growing thereon, thereby not only causing this plaintiff great material damage, inconvenience and worry, but also creating disagreeable odors which have a tendency and will cause sickness and impair the health of this plaintiff and his mother. That the defendant is maintaining said street and the drainage of the waters therefrom in such manner as to cause and has caused permanent injury to plaintiff's said lots and premises."

The city of Athens entered demurrer and exceptions to the petition, and specially pleaded general denial and the bar of the statute of two years limitation (Rev. St. 1925, art. 5526).

The plaintiff, by supplemental petition, replied to the plea of limitation, in the way of estoppel, that, in substance, the governing body of the city promised the plaintiff the cause of the injury to his property would be remedied, and he relied on such promises to remedy the cause of the injury complained of.

At the time of the dedication of the addition some years ago, there was donation to the city of the alley and South Carroll and East College streets. In 1926 the city of Athens, under the approved plans of a civil engineer, constructed concrete pavements on the streets in the city, including South Carroll and East College and the alley in the rear of the plaintiff's lots. The grade of South Carroll street was lowered, and the pavement, curbing, and guttering were laid. The paving was all completed and finally accepted by the city on January 18, 1927, and has remained unchanged from that date up to the time of the trial. Plaintiff testified that, before the concrete pavement and gutters were put down on South Carroll street, his property was not overflowed, but that, after the construction of the same, the drainage water from time to time was forced down South Carroll street and in the alley and over upon his lots, flooding his garage and yard, and depositing sand and causing injury to the lots. The cause of the flooding and sanding is explained by the plaintiff's witnesses as due to the changing of the usual direction of the flow and drainage of the waters and in not constructing gutters and curbing on South Carroll street of sufficient build and depth to confine and properly carry off such waters. There is evidence by the city to the contrary and that it was not feasible to construct the pavements and gutters in a manner otherwise than done. The engineer testified that "the trouble is that the adjoining property (plaintiff's lots) is lower than the alley."

There was a trial before the court without a jury, and a judgment was entered in favor of the plaintiff for $500.

The point on appeal is that of whether or not the cause of action was entirely barred by the statute of limitations of two years. The plaintiff testified:

"No water went on my property before the construction of the paving.

"Since the paving, the water come down the alley and on to my property.

"No, sir, I did not have that trouble (with the water) prior to this paving. It was perfectly dry. Yes, Sir, it has been continuously having that effect during wet weather since we have had the paving there.

"Yes, Sir, when that paving project was started, before they put the surfacing on there, I took it up with the Mayor. Yes, Sir, I knew what it was going to do to me then. Yes, Sir, I knew from the time it was built that this damage was going to happen to me. Yes, Sir, it has been the same damage to me from that time up to now. Yes, Sir, to the best of my recollection, that pavement was accepted by the city on January 18th, 1927. Yes, Sir, from and since that time that damage has been there. Yes, Sir, as it stands now and as it was constructed then, in my opinion, it is a permanent damage, without something is done to take care of it. Yes, Sir, that permanent damage has continued from and after that time."

The plaintiff further testified:

"I expect three or four loads of sand has been washed in there since the paving. * * * I did not have that trouble (with water) prior to this pavement. It has been continuously having that effect during very wet weather since we had the paving there. It has washed a big bank of sand in there (the garage) in the last two years since the paving was first there, I judge about that time. The injury to my land has been more apparent since the successive rains. We have had some heavy rains in the last two years—lots of them. * * * All of that wash has come in the last two years. * * * In the last two years the water coming down there has injured the value of my property."

There was evidence showing considerable depreciation of the general value of the property by reason of the injuries caused by the alleged construction of the street improvements. In the evidence, the trial court was warranted in concluding, as we must assume he did, that, although the damage to the property had been continuous since the construction of the street pavement, yet the greater part of the damage had occurred within the two years next before the filing of the suit. The petition claimed injury from December, 1927. In this view, there is evidence showing damages rightfully recoverable to at least the amount of the trial court's verdict. The following cases fully support the trial court's ruling: City of Houston v.

Parr (Tex. Civ. App.) 47 S. W. 393; City of Houston v. R. Co., 26 Tex. Civ. App. 228, 63 S. W. 1056; City of Houston v. Merkel (Tex. Civ. App.) 153 S. W. 385; Missouri, K. & T. R. Co. v. Anderson (Tex. Civ. App.) 194 S. W. 662; City of Greenville v. McAfee (Tex. Civ. App.) 230 S. W. 752, 755.

Appellant points out that there was a violation of rule 66 of the district court. The judgment of the court does not so show, and there is no bill of exception indicating it. The review on appeal cannot be predicated on the bare certificate of the court reporter that stenographic notes were taken at the February term.

The judgment is affirmed