## STILLWELL v. CITY OF FORT WORTH.

### No. 14386.

Court of Civil Appeals of Texas.
Fort Worth.

May 15, 1942.

Rehearing Denied June 19, 1942.

Meyer Jacobson and Clark, Craik, Burns & Weddell, all of Fort Worth, for appellant.

R. E. Rouer, of Fort Worth, for appellee.

SPEER, Justice.

This is an appeal from an order of the trial court sustaining a special exception to plaintiff's petition, in which exception it was claimed that the petition disclosed plaintiff's cause of action was barred by limitations when suit was instituted. Plaintiff declined to amend and the suit was dismised.

Plaintiff Charles Stillwell instituted this suit against defendant City of Fort Worth by petition filed February 22, 1941. His allegations, in substance, are: That for twenty-five years he had been the owner of about six acres of land in said city, describing the land. That in 1933, without his permission and over his protest, the defendant dug a ditch across his land for the purpose of draining surface water from a designated area; that substantially at the same time defendant constructed a system of storm drains in that area; that the territory so drained consisted of 75 or 100 acres, much of which is covered with paved streets and houses, all of which prevented the water from soaking into the ground; the drainage system converges onto plaintiff's property and is forced to pass through the ditch so dug thereon; that the drainage is unnatural; that by subsequent street improvement projects the area served by said drainage system has been enlarged; that prior to the construction of said storm drainage system the water from said area had not flowed over his premises; that since its construction and operation much of plaintiff's land has been washed away. That by forcing said water out of its natural course and the resultant destruction of portions of his land, plaintiff has been deprived of the use and value thereof without just compensation. It is further alleged that the storm drainage system is a permanent structure; that more territory has been laid out to be served by the system than was served by it when originally constructed and that as more streets are paved in the area more water will be forced onto plaintiff's land and greater damage will be done. That said system is now and will continue in the future to be a permanent damage to and an appropriation of plaintiff's land. He prayed for $3,000 damages.

Defendant urged a special exception to the petition based upon the fact that the petition disclosed upon its face that any cause of action plaintiff ever had was barred by limitations at the time of the in-

stitution of the suit. The exception points out the various material allegations of plaintiff, relied upon as disclosing its infirmities. As stated above, the exception was sustained, the case dismissed and appeal perfected.

The sole question before us is, whether or not the court properly sustained the special exception.

Based upon plaintiff's allegations, the defendant, without his consent and over his protest, unlawfully invaded his property in 1933 and dug a ditch across it and at about the same time constructed a system of storm drains or sewers in an area lying west, northwest and southwest of plaintiff's premises and caused large quantities of flood waters to be diverted from their natural courses onto and across his property, resulting in the damages claimed, and as more streets in the area are paved more water will be forced over his premises.

■ We think that plaintiff's cause of action arose in 1933 and falls within the rule announced in Houston Water Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36, 37. In that case, Kennedy owned property and the company cut into an arch in the building for the purpose of inserting a water-pipe; by so doing the arch was weakened and while the building showed no signs of deterioration at the time, at a later date the wall broke, as a result of the acts of the company. The court drew the distinction between the applicable rule between acts which in their incipiency were illegal and those that were legal. On this point the court said: "When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held that the cause of action does not accrue until the injury is sustained". It is further said: "If, however, the act of which the injury was the natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,—then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar". This principle is the well settled law of this state. The above case has been followed by our courts so many times that it would require unnecessary space in this discus-

sion to cite the authorities. The petition in the instant case clearly shows that the wrongful invasion of plaintiff's property in 1933 was a permanent and continuing wrongful and illegal act by the defendant. In such circumstances, case of City of Athens v. Evans, Tex.Com.App., 63 S.W. 2d 379, reaffirms the rule last discussed. Again, in Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 440, 128 A.L.R. 757, the Supreme Court discussed and announced as the settled law of this state the principles set out in Houston Water Works Co. v. Kennedy, supra.

■ Plaintiff (appellant) insists that his petition only sought recovery for damages incurred during the two years next preceding the filing of suit. It is obvious that if we are correct in concluding that plaintiff's cause of action arose at the time his property was wrongfully invaded by defendant, and that he could then have recovered all permanent damages to his property, he could not wait until limitation had barred his suit and recover at a later date for damages that were recoverable when his cause of action arose in 1933.

■ Plaintiff relies upon cases like City of Houston v. Merkel, Tex.Civ.App., 153 S.W. 385; City of Houston v. Houston E. & W. T. R. Co., 26 Tex.Civ.App. 228, 63 S.W. 1056, writ refused; Grossman v. Houston, O. L. & M. P. R. Co., 99 Tex. 641, 92 S.W. 836, and others. As we understand those cases, they involve a different state of facts from those before us. They each recognize the rule announced in Houston Water Works Co. v. Kennedy, supra, but distinguish the facts discussed from those in the Kennedy case. In the cases relied upon by plaintiff, in most instances, if not all, the original act complained of was one which defendant was legally authorized by law to do, such as preparing drainage at street curbs or by the side of railway tracks, resulting in subsequent damages to the complaining party. There were no immediate illegal invasions of private property as in the instant case. In this lies the distinction between the cases cited by plaintiff and the rule announced in the Kennedy case, supra. Nor do we think that plaintiff's suit is strengthened by his allegations "that more territory in the city is included in the (storm sewer) system as now laid out, which will be connected up with the present system and drained thereby", and by the further allegation to the effect that other streets will

be paved in the area and connected with the system. Clearly plaintiff's case, as pleaded by him, is one sounding in tort for the wrongful and illegal invasion of his property by the City of Fort Worth when, without legal authority and against plaintiff's consent and over his protest, the City dug a ditch across his land. The tort is the grounds of plaintiff's action and it is not legally severable from its consequences. American Indemnity Co. v. Ernst & Ernst, Tex.Civ.App., 106 S.W.2d 763, and authorities cited at page 766.

The trial court properly sustained the special exception to the petition, under the applicable Rules of Civil Procedure, and upon plaintiff's declining to amend, dismissed his suit. The judgment will be affirmed, and it is so ordered.

McDONALD, C. J., not sitting.