### CHARLES STILLWELL V. CITY OF FORT WORTH.

No. 8027. Decided March 24, 1943.
(169 S. W., 2d Series, 486.)

*Meyer Jacobson, Clark, Craik, Burns & Weddell,* and *J. Harold Craik,* all of Fort Worth, for petitioner.

The two years statute of limitation did not bar plaintiff's cause of action. City of Athens v. Evans 63 S. W. (2d) 379; City of Houston v. Merkel, 153 S. W. 385; Grossman v. Houston, Oak Lawn & Magnolia Park Ry. Co., 99 Texas 641, 92 S. W. 836.

*R. E. Rouer* and *R. B. Young, Jr.,* both of Fort Worth, for respondent.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Charles Stillwell filed suit early in 1941 against the City of Fort Worth for damages, alleging that "some twenty-five years" prior to filing the suit he bought about six acres of land adjoining the city. The alleged cause of damages to the land was the city's diversion of the storm water of a portion of one of its additions by an unlawful entry upon his land in the manner hereafter shown, so as to cause the water "to flow onto plaintiff's land unnaturally." Inasmuch as the sole question presented is whether the Court of Civil Appeals erred in approving the action of the trial court in sustaining a spe-

cial exception to the petition, the allegations material here will be set out, omitting only formal parts, repetitions and the prayer. So deleted, the petition is as follows:

(3) "That beginning in 1933, defendant * * * dug a ditch across (plaintiff's) said land for the purpose of draining storm water from the area lying northwest, west and southwest of said land; *that at substantially this same time, defendant constructed and put into operation a system of storm drains* for the above area, and storm water from a large part of the * * * addition was thrown therein; that *this system of storm drains received storm water from some seventy-five or one hundred acres of land* in that section; * * * that the storm water is finally thrown into one large storm pipe, from which it flows onto plaintiff's land through a ditch or creek * * * which leads directly onto plaintiff's land. That the defendant *has diverted, and is today diverting,* the storm water in this area by collecting it in the storm drains, and *thus* causing it to *flow onto plaintiff's land unnaturally;* that the natural * * * watershed with reference to plaintiff's land has *thus* been enlarged many times; that the defendant in order to divert the water * * * graded and paved many streets and constructed many gutters which lead to the drainage pipes, which in turn carry the storm water *onto plaintiff's land;* * * * that since the building of these drainage pipes * * * much of plaintiff's land has been washed away; that on many occasions the water so diverted * * * is thrown into the pipes forming the storm system at great speed and in great quantities; * * *

(4) "That the city in so diverting the storm water * * * *has deprived and is constantly depriving,* plaintiff of his property without just compensation in taking his property for a public purpose. That the city *has so acted, and is constantly acting,* with reference to plaintiffs' land * * * *over his protest.*

(5) *"That up to the present time* the rainfall in the city and in the territory drained by the storm pipes has been insufficient to fill the said pipes to capacity; that this storm system is a permanent structure; *that more territory * * * will be connected up* with the present system and drained thereby; that as more streets * * * so drained by the storm water program are paved or graded, and as more gutters are constructed, the amount, force, and speed of the diverted water *will be* greatly augmented, and same *will be* diverted onto and across plaintiff's land *in greater speed and force,* and will thus be caused to

spread over the plaintiff's land *to a greater depth,* thereby *further decreasing* the value of plaintiff's land."

(6) "* * * *that the damages to his property during the last two years immediately preceding the filing* of this suit, by virtue of the *continuing and recurring* trespasses of defendant, together with the *probable future injuries* as a result thereof, amount to $3000.00." (All italics in this opinion ours).

It will be observed that defendant city *in 1933,* for the purpose of draining storm water from a large area of an addition to the city, *wrongfully* dug a ditch across plaintiff's land and constructed and put into operation a system of storm drains which emptied ultimately into this ditch and flowed onto plaintiff's land; that since the time of constructing the system of drains for the purpose stated the city *"has deprived and is constantly depriving* plaintiff of his property without just compensation" in that "much of his land has been washed away"; also that this storm system was a permanent structure and that additional territory would in the future be connected up with it, and that as more streets were paved and graded and more gutters constructed a greater amount of storm water would be caused to spread over plaintiff's land to a greater depth, thereby *"further decreasing"* the value of his land. It will be further observed that plaintiff, while stressing the course and result of defendant's unlawful entry upon his land, pointed out that contemporaneously with it the city set up a permanent structure (the drainage system) which not only had damaged the land but would increasingly damage it in the future.

Defendant invoked by special exception the two year statute of limitation. The trial court sustained the exception, and, plaintiff declining to amend, dismissed the suit. The Court of Civil Appeals affirmed the judgment. 162 S. W. (2d) 1046. The writ was granted on plaintiff's application on the question of limitation.

The Court of Civil Appeals concluded that since plaintiff had a cause of action for damages to his land which arose in 1933 when the unlawful act was committed, limitation ran from such time and barred an action for damages resulting from such act, even though not fully developed until within a period less than necessary to complete the bar. We approve the conclusion reached, the reasoning by which it was reached and

the application of the settled rule laid down in the authorities cited in support thereof, first in Houston Waterworks Co. v. Kennedy, 70 Texas 36, 8 S. W. 36, and recently reaffirmed with emphasis in Quinn v. Press, 135 Texas 60, 140 S. W. (2d) 438, 128 A. L. R. 757. In the Quinn case Chief Justice Moore took occasion, significantly, to expressly approve the holding in American Indemnity Co. v. Ernst & Ernst, 106 S. W. (2d) 763 (writ of error refused) in which Justice Alexander speaking then for the Waco Court of Civil Appeals (now Chief Justice of this Court) held that under the limitation statute the wrongful act there involved was itself "regarded as the ground of the action" and was "not legally ·severable from its consequences."

Defendant contended in his application for the writ that "any conflicting or inconsistent allegations" must be "ignored" and that the allegations must be construed most favorably to plaintiff, invoking, in other words, the old general demurrer rule. While the application of such rule in construing plaintiff's allegations in the present case would not change the result in view of the well established rule of substantive law applied herein, plaintiff's implied construction of his own allegations, as will presently appear, obviates the necessity of resorting to the rule applicable formerly in acting upon general demurrers.

The case was tried under the new rules. It appears from the transcript that in keeping with rule 90 defendant did not file a general demurrer and did not *in merely general terms* invoke the two-year statute of limitation. Instead, he filed a special exception, and, in keeping with the requirements of rule 91, *specifically pointed out* "intellibly and with particularity the defect * * * in the allegations in the pleading excepted to," as follows:

"That plaintiff's petition shows upon its face * * * that defendant made an unlawful entry upon plaintiff's land and dug a ditch * * * across same in 1933 for the purpose of draining storm water from the area adjacent thereto; that 'at substantially this same time, defendant * * * put into operation a system of storm drains for the above area,' and connected same with said drainage ditch and * * * has continuously, since the construction of said drainage, caused drainage water to flow across plaintiff's ·land; and that up to ·the present time the rainfall in the city has been insufficient to fill said pipes to

capacity, but that as time goes on said drainage area will be enlarged, etc. Then, in paragraph VI he says that his property has been damaged and appropriated by the city by virtue of its using same for an outlet for said storm water; that 'same is, and will continue to be a permanent damage and appropriation of plaintiff's land; and that the damage to his property during the last two years immediately preceding the filing of this suit by virtue of the continuing and recurring trespasses of defendant, together with the probable future injuries as a result thereof, amount to $3000.00.' These allegations constitute nothing more or less than that, in 1933, the city constructed this drainage ditch unlawfully across plaintiff's property and tied same into its drainage system and caused large amounts of drainage water to flow across plaintiff's land that had not theretofore done so; and, *in plaintiff's very language, he says that said injury and damage will continue to be a permanent damage and then asks for past and future damages in one lump sum.* Because of these allegations, defendant asserts that plaintiff's cause of action, if any, arose when said injury was done, to wit, when said ditch was constructed in 1933; said act was an unlawful act and the injury with all anticipated damages occurred at that time and plaintiff's cause of action, if any, arose at that time; and defendant here and now asserts that it is shown upon the (face of) plaintiff's petition that the two-year statute of limitation is a bar to plaintiff's cause of action and said petition should be dismissed, * * *."

It appears from the foregoing statements of defendant's special exception that it was in no wise a "blind attack"; and and it may be assumed, in view of plaintiff's declining to amend, that defendant correctly summarized the allegations of his petition and correctly stated the import thereof. Plaintiff's contention is overruled.

The judgment of the Court of Civil Appeals affirming that of the trial court is affirmed.

Opinion adopted by the Supreme Court March 24, 1943.