## RECONSTRUCTION FINANCE CORPORATION v. FOSTER WHEELER CORPORATION.

### Civ. No. 2177.

District Court, S. D. Texas, Houston Division.

Feb. 10, 1947.

Kelley, Lockett & Lockett, T. E. Mosheim and C. O. Ryan, all of Houston, Tex., for plaintiff.

Fulbright, Crooker, Freeman & Bates, and Leon J. Jaworski, all of Houston, Tex., and Meyer, Kidder & Matz, of New York City, for defendant.

KENNERLY, District Judge.

This is an action for damages for a tort, filed May 7, 1946, by Plaintiff Reconstruction Finance Corporation (for brevity called Plaintiff) against Defendant Foster Wheeler Corporation (for brevity called Defendant), because of the claimed negligent manner in which Defendant constructed a Cooling Tower.

Under Contract dated in August 1942 between Defense Plant Corporation (for brevity called Plant Corporation), acting by Sinclair Rubber, Inc. (for brevity called Sinclair), and the Lummus Company, on the one hand, and Defendant, on the other hand, it is alleged that Defendant agreed to construct a Cooling Tower for a Butadiene Plant being erected for Plant Corporation at Houston, Texas, in this District and Division. And that Defendant constructed such Cooling Tower and completed it during the month of January, 1944, and that it was put in operation by Plant Corporation, et al. Also that "within two or three weeks after it was first put in operation and within two months after same was completed," such Cooling Tower

failed completely to function because of faulty workmanship, design and material. Plaintiff prays for damages in the sum of $1,034,500.

This is a hearing on Defendant's Motion for Summary Judgment, which Motion has been submitted on the pleadings, etc. on file at the date of submission (November 29, 1946), with Briefs and Oral Argument.

1. Defendant says that Plaintiff's cause of action, if any it has, accrued more than two years before the commencement of this suit, and is barred by the Texas Two Year Statute of Limitation,[1] and for that reason Defendant's Motion for Summary Judgment should be granted.

■ Citing Cherry Cotton Mills, Inc. v. United States, 327 U.S. 536, 537, 66 S.Ct. 729, 90 L.Ed. 835; Id., Ct.Cl., 59 F.Supp. 122, and an unreported case by the Hudson County, New Jersey, Supreme Court (Reconstruction Finance Corp. v. Haag), Plaintiff brings forward the contention that Plaintiff is a governmental agency and that in no event does limitation bar Plaintiff's suit. I think this contention is not meritorious. Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 748. Reconstruction Finance Corp. v. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595. United States v. Brown, D. C., 41 F.Supp. 838. Bauman v. Aluminum Co. of America, D.C., 58 F.Supp. 160. Home Owners' Loan Corporation v. Williams, Tex.Civ.App., 168 S.W.2d 325. Hillis v. Rice, Mo.App., 151 S.W.2d 717.

■ The facts, as alleged in Plaintiff's Complaint, show that Defendant completed the Cooling Tower during the month of January 1944, at which time or about which time it was put in operation by Plant Corporation, et al. After such completion, Defendant had nothing further to do with it. It is claimed that the plans or designs, the material used, and the workmanship were faulty, and that within two or three weeks after it was so put in operation and within two months after it was completed, it failed completely to function. Defendant says, as stated, that Plaintiff's cause of action, if any, accrued within the meaning of the Texas Two Year Statute of Limitation, not later than the last day of January 1944, and that this suit, filed May 7, 1946, comes too late.[2] It cites Houston Water Works v. Kennedy, 70 Tex. 233, 8 S.W. 36, 37, and cases which follow.[3] In that case, which is the leading Texas case, the Water Works Company had cut an arch in the wall of Kennedy's building. The suit was brought more than two years after the arch was cut, but within two years after the building settled and the walls cracked, due to the arch. The Court clearly states the rule: "If it be true that the cause of action accrued at the time the arch was cut, then the action was barred. The action was one that would be barred in two years after the cause of action accrued, and the inquiry is, when did the cause of action accrue? The arch and house alleged to have been injured were the property of the appellee at the time the arch was cut. This was an act wrongful toward the owner of the property, for which an action might have been maintained as soon as the tort was committed. When an act is in itself lawful as to the person who bases an action on injuries subsequently accruing from, and consequent upon, the act, it is held

---

[1] Article 5526, Vernon's Texas Civil Statutes.

[2] It is also claimed that if such cause of action accrued at the time of the complete failure of the Cooling Tower to function, within two months after the last day of January 1944, Plaintiff's suit was still filed too late.

[3] Hinton v. Uvalde Paving Co., Tex. Civ.App., 77 S.W.2d 733. Blondeau v. Sommer, Tex.Civ.App., 139 S.W.2d 223. Vernon v. Low, Tex.Civ.App., 158 S.W. 2d 857. Carrell v. Denton, 138 Tex.

145, 157 S.W.2d 878. Fairbanks, Morse & Co. v. Smith, Tex.Civ.App., 99 S.W. 705, 101 Tex. 24, 102 S.W. 908. Behringer v. City National Bank, Tex.Civ. App., 296 S.W. 674. Crawford v. Davis, Tex.Civ.App., 148 S.W.2d 905. American Indemnity Co. v. Ernst & Ernst, Tex. Civ.App., 106 S.W.2d 763. Stillwell v. City of Fort Worth, Tex.Civ.App., 162 S.W.2d 1046, 140 Tex. 560, 169 S.W.2d 486. Ruling Case Law, Volume 17, Page 763.

that the cause of action does not accrue until the injury is sustained."

Plaintiff seeks to distinguish these cases and cites City of Houston v. Houston East & West Texas R. Co., 26 Tex.Civ.App. 228, 63 S.W. 1056, and other similar cases.[4] The cases which Plaintiff cites and stands upon were nuisance cases. The torts complained of were committed on the property of the persons complained against, and the damage to the persons complaining did not immediately occur, but occurred later and/or were recurrent. This is true of other similar Texas cases.[5] These cases are not in point and are not controlling here.

The Kennedy case and some of the other cases upon which Defendant stands are probably not precisely in point here. This may not be regarded as a suit for the injury to the property of Plant Corporation. This case seems to be more akin the case of Carrell v. Denton, supra, where a physician was operating upon a patient and left a piece of gauze in his body, and the suit for damages for the tort was not brought within the two year period. Or the case of City of Vernon v. Low, supra, where Low sued the City for damages for a tort by reason of the City having removed the body of Low's deceased wife from a cemetery where it had been buried, and the suit was not brought within the two year period. Or the case of Blondeau v. Sommer, supra, which was a suit for damages for a tort by reason of the alleged negligence of the person sued in causing the loss of a sum of money, etc. But I think the line of authorities headed by the Kennedy case are controlling here, and that Plaintiff's claim is barred by the Texas Two Year Statute of Limitation.

I do not find it necessary to decide the other questions raised by Defendant on its Motion for Summary Judgment.

Judgment will enter for Defendant.

[4] City of Houston v. Parr, Tex.Civ. App., 47 S.W. 393. Beck v. American Rio Grande Land & Irrigation Co., Tex. Civ.App., 39 S.W.2d 640. Abilene & Southern R. Co. v. Herman, Tex.Civ. App., 47 S.W.2d 915.

[5] In Gulf W. T. & P. R. Co. v. Goldman, 8 Tex.Civ.App. 257, 28 S.W.2d 267, the distinction between this line of cases and the Kennedy case is pointed.