**RECONSTRUCTION FINANCE CORP.
v. MARCUM.
No. 788.**

United States District Court
W. D. Missouri, S. D.

Jan. 25, 1951.

Charles M. Lee, Sidney B. McClanahan, St. Louis, for plaintiff.

Gene Frost, Joplin, Mo., for defendant.

RIDGE, District Judge.

From the allegations contained in defendant's answer, it appears that each and every fact essential to plaintiff's right to recover, on each count of the complaint herein, is admitted, or deemed to be admitted for failure of defendant to make response thereto, and that plaintiff is entitled to have judgment entered in its favor, un-less the claims asserted in the several counts of the complaint are subject to the bar created by Section 1013, R.S.Mo.1939, R.S. Mo.1949, § 516.110. The averments contained in the first four paragraphs of the complaint are specifically admitted in the answer. Defendant makes no response to the averments contained in paragraph five of the complaint. Failing to make any response or denial thereof in his answer, the same are also deemed admitted under Rule 8(d) Federal Rules of Civil Procedure, 28 U.S.C.A.

The Plaintiff, Reconstruction Finance Corporation, is a governmental agency created by Act of Congress, 15 U.S.C.A. § 601 et seq., and, as such, acts in a sovereign capacity. Inland Waterways Corp. v. Young, 309 U.S. 517, 60 S.Ct. 646, 84 L.Ed. 901; U. S. Shipping Board Emergency Fleet Corp. v. Western Union Tel. Co., 275 U.S. 415, 48 S.Ct. 198, 72 L.Ed. 345. Therefore, state statutes of limitation putting a time limit upon enforcement of obligations due private persons are not binding on the Reconstruction Finance Corporation any more than they are binding upon the Government unless Congress has manifested an intention that they should be applicable. U. S. v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; E. I. Dupont de Nemours & Co. v. Davis, 264 U.S. 456, 44 S.Ct. 364, 68 L.Ed. 788. No Act of Congress exists making the Reconstruction Finance Corporation subject to local statutes of limitation. Consequently, the only affirmative defense here attempted to be asserted against plaintiff's right of recovery on each count of the complaint is shown to be an invalid one as a matter of law. Therefore, it appears that no genuine issue of fact remains in issue between the parties herein, and that plaintiff is entitled to have judgment entered in its favor, against defendant, on each count of the complaint.

Plaintiff's motion for summary judgment is accordingly sustained. The Clerk is directed to enter judgment in favor of plaintiff and against the defendant on Count I of the complaint herein, in the sum of $125, principal, and $185.83, interest, or a total of $310.83; on Count II, for $135, principal,

and $204.30, interest, or a total of $339.30; on Count III, for $200, principal, and $301.-30, interest, or a total of $501.30; making a total judgment entered in favor of plaintiff and against the defendant herein in the sum of $1,151.43, together with the costs of this cause.