**UNITED STATES of America,**
**Plaintiff,**

v.

**John R. SCOTT, Moe Segal, B. M. Alexander, and M. Barnett, individually and as co-partners, doing business as International Jobbing and Export Company, Defendants.**

United States District Court
S. D. New York.

Dec. 29, 1955.

Paul W. Williams, U. S. Atty. for the Southern Dist. of New York, New York City, for plaintiff, Nicholas Tsoucalas, Asst. U. S. Atty., New York City, of counsel.

Bernard H. Reich, New York City, for defendant, John R. Scott, Emanuel Tacker, New York City, of counsel.

CASHIN, District Judge.

This is an action by the United States against the defendants, John R. Scott, Moe Segal, B. M. Alexander and M. Barnett, individually and as co-partners doing business as International Jobbing and Export Company, for $19,548.16 for goods sold and delivered. John R. Scott is the only defendant who answered the complaint and appeared for trial.

Findings of Fact.

1. In 1945 the defendants bought goods, to wit, 84,992 square feet of sheep shearling from the Surplus War Property Division of the Reconstruction Finance Corporation, a wholly owned corporate agency of the United States Government. The goods were delivered and received by the defendants.

2. The agreed price of the goods so delivered and received, after adjustments which defendants accepted, was $19,548.16, which sum was due and owing by the defendants on or about June 6, 1945.

3. Defendants have not paid the $19,548.16 or any part thereof.

Conclusions of Law.

I. Plaintiff is entitled to judgment.

■ Defendant's only factual defense to the Government's claim consisted of an attempt to show some kind of an accord and satisfaction. The only evidence submitted was the testimony of one witness, a defaulting defendant, as to some oral conversations he had with an employee of the plaintiff. Even if credible, his testimony fails to give any substance to the defense.

Defendant also moves to dismiss the Government's complaint on the ground it was barred by the New York State statute of limitations.

■ The plaintiff here is the United States Government suing in behalf of the Reconstruction Finance Corporation,

a government agency. The general rule has always been that statutes of limitations do not run against the Government or its agencies. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (and cases cited therein).

In support of his position, defendant relies upon Reconstruction Finance Corporation v. Foster Wheeling Corporation, D.C., 70 F.Supp. 420. In that case the Court reasoned that since Congress had expressly given a government agency the power to sue and to be sued, the agency was subject to a state statute of limitation.

The weight of authority, however, is to the contrary. United States v. New York Dock Co., D.C., 100 F.Supp. 303; Reconstruction Finance Corp. v. Marcum, D.C., 100 F.Supp. 953.

This Court is in complete accord with the views as expressed in United States v. New York Dock Co., supra, and Reconstruction Finance Corp. v. Marcum, supra. An examination of the Government files and the correspondence placed in evidence in this case fully demonstrates the necessity and wisdom of the general rule that state statutes of limitations do not run against the United States or its agencies.