## GILLESPIE'S ADM'R v. REDMOND.

Where a cause has been improperly entitled on the docket, and in the entries and orders, which is manifest from the pleadings of the parties, the Court, on motion, will order the Clerk to docket it in the names of the proper parties.

Where a cause was improperly entitled upon the docket Devivier & Woodlicf, for the use of Rowland Redmond, v. Barry Gillespie, instead of Rowland Redmond v. Barry Gillespie, and a petition for a *scire facias* to make the administrator of the deceased defendant a party, described the cause as it should have been entitled on the docket, it was held that a plea in abatement to the *scire facias*, that no such suit as that described in the petition was pending in Court, would not lie.

At Common Law, if the plaintiff leaves a chasm in the proceedings of his cause, the suit is discontinued, and the plaintiff must bring his action anew; but the severity of this rule of the Common Law has been relaxed in our practice. Therefore where a change of venue is ordered and the plaintiff fails to transfer the record in proper time, the Court to which the venue was changed, for good cause shown will permit it to be docketed at a subsequent time, or being already docketed will refuse to dismiss it.

Interest is no objection to the competency of a witness to testify in a matter involving a question of practice addressed to the discretion of the Court.

Where the defendant in an action on a promissory note, alleged that the note had been given to release a debtor from custody, upon the promise of the creditor to assign and deliver to the defendant the legal evidence of the debt, which the creditor failed to do, and that the debtor did not owe to the creditor the amount for which the note was given, it was held that the debtor was not a competent witness, on the ground of interest, the original debt being barred by limitation, to prove the facts alleged by the defendant.

Appeal from Fayette. The defendant in error filed his petition in the District Court of Washington county, on the 17th March, 1848, alleging that the plaintiff in error had, on the 9th day of March, 1844, at New Orleans, in the State of Louisiana, executed his promissory note for $1104 36, payable to Devivier & Woodlief, or order, eight months after date ; that the plaintiff had become possessed of said note, by due course of trade, and was the owner thereof, and that the defendant failed and refused to pay, &c. ; and, subsequently, by an amended petition, he alleged that the note had been assigned to him, by the said Devivier & Woodlief, without recourse. The cause was docketed and entitled in the citation, Devivier & Woodlief, for the use of Rowland Redmond v. Barry Gillespie. The defendant pleaded fraud and failure of consideration ; and alleged " that at the time of giving of said note, " the said Devivier & Woodlief falsely and fraudulently rep- " resented that they had a large claim against Thomas Lane, " amounting to the sum of fifteen hundred dollars and upwards ; " upon which said false and fraudulent claim they illegally " and oppressively caused said Thomas Lane to be arrested in " the city of New Orleans, while on the steamer, and on the " eve of leaving said city for the then Republic of Texas, with " the view of illegally extorting from said Lane the said un- " just and fraudulent demand ; and this defendant being pres- " ent at the time, and unwilling to see the said Lane thus em- " barrassed and separated from his family, who were also on " board said steamer on their way to Texas, agreed with said " Devivier & Woodlief, that he would pay them, in cash, at " the time, the sum of five hundred dollars, and execute to

" them the aforesaid note, provided they would place in his " hands any lawful evidence of indebtedness on the part of " said Thomas Lane, to them, the said Devivier & Woodlief, " for said amount, which they then and there agreed to do, " and in consideration of which, this defendant executed to " said Devivier & Woodlief the said note, and at the same " time paid to them, in cash, the aforesaid sum of five hundred " dollars. And this defendant avers that said Devivier & " Woodlief, after receiving said note and said sum of money, " wholly failed to deliver to him any legal evidence of the in- " debtedness of said Lane to them, whereby he might be sub- " rogated to all their rights, and this defendant further al- " leges, that, had any such evidence of indebtedness of said " Lane been delivered and transferred to him, as the said De- " vivier & Woodlief agreed to do, he could have made the " said sums of money out of said Lane, or a considerable por- " tion thereof: wherefore, he says that the consideration for " which said note was given, has wholly and entirely failed. " He therefore prays judgment against the said plaintiff, and " also against the said Devivier & Woodlief, who are the real " owners of the note and the proper plaintiffs in this suit, for " the aforesaid sum of five hundred dollars and the interest " thereon."

The cause was continued from Term to Term, until the Fall Term, 1850, when, by consent of parties, it was ordered that the venue be changed to the county of Fayette. The papers and transcript from the record of the District Court of Washington county, were filed in the District Court of Fayette county, on the 18th day of August, 1851. In the transcript, the cause was entitled Devivier & Woodlief, for the use of Rowland Redmond v. Barry Gillespie. On the 20th day of August, 1851, the plaintiff Rowland Redmond filed a petition in the District Court of Fayette county, representing that he had instituted suit in the District Court of Washington county, against Barry Gillespie, which, by order of said Court, was transferred to Fayette; that since the order was made, said Gil-

lespie has died, and that John Sayles, of Washington county, was his administrator ; and prayed that he be made a party. At the Fall Term, 1851, the administrator appeared and pleaded in abatement of the *scire facias*, that no such suit as that described in the petition therefor, was ever pending in the District Court of Washington county, and that no such order for a change of venue was made. At the Fall Term, 1852, this plea was overruled, to which the plaintiff excepted. On motion of the plaintiff Redmond, the docketing of the cause was ordered to be corrected ; and instead of Devivier & Woodlief, for the use of Rowland Redmond v. Barry Gillespie, it was docketed Rowland Redmond v. John Sayles, administrator of Barry Gillespie ; to which the defendant excepted. The defendant then moved to dismiss the suit, on the ground of a discontinuance ; because at least one Term of the District Court of Fayette county had intervened between the time of granting the order for the change of venue in the District Court of Washington county and the time of filing the transcript and papers in the District Court of Fayette county. This motion was overruled and the defendant excepted. On the trial of the motion, John A. Green, one of the counsel of the plaintiff, and who had been surety for costs, but had been released, on motion, upon the plaintiff's furnishing another surety in his stead, was offered as a witness to testify to an agreement or understanding between him and the defendant Gillespie, in reference to the filing of the papers and transcript of the record of the cause from the District Court of Washington county, in the District Court of Fayette county. The defendant objected ; his objection was overruled and he excepted. Green testified, in substance, that the venue had been changed at the instance of the defendant Gillespie ; that a short time after the Term of Court at which the order for the change of venue was made, the witness being plaintiff's attorney, saw defendant, Gillespie, with regard to the transfer of the record to the Fayette county District Court, and that the defendant informed the witness that there was some rule in the District

Gillespie v. Redmond.

Court of Washington county, by which the Clerk required the costs to be paid which had accrued there, before he would deliver the record, but that the defendant said that witness need not regard that as he, defendant, would see that the record was transferred.

On the trial the plaintiff (not having alleged the legal rate of interest under the law of the State of Louisiana, on the note sued on,) offered in evidence a certified copy of the law of the State of Louisiana establishing the rates of interest in that State; to which the defendant objected. His objection was overruled, and he excepted. To prove the facts set forth in this plea of fraud and failure of consideration, the defendant offered in evidence two depositions of the said Thomas Lane, named in said plea. The plaintiff objected to their being read in evidence, on the ground that the deponent was interested in the event of the suit. His objection was sustained, and the depositions ruled out; to which the defendant excepted. Verdict and judgment for the plaintiff for the amount of the note and interest according to the law of the State of Louisiana. Appeal by defendant.

*John Sayles* and *W. S. Oldham*, for appellant.

*J. A. & R. Green*, for appellee.

WHEELER, J. The errors assigned, which it is material to notice, bring in question the rulings of the Court. 1st. In sustaining the plaintiff's motion to docket the cause in the names of the present parties, and overruling the defendant's plea in abatement. 2nd. In receiving the statement of the plaintiff's attorney in opposition to the motion to dismiss for a discontinuance, and overruling the motion. 3rd. In excluding the deposition of the witness Lane; and 4th, In admitting evidence of the rate of interest allowed by the law of Louisiana, and giving judgment therefor.

An inspection of the papers and proceedings, contained in the certified transcript of the record from the Washington Court, rendered it evident to the Court in Fayette, that the case transferred from the former to the latter Court was the identical case in which the change of venue was awarded. Though it had been variously and improperly entitled upon the docket, and in the citations and entries, and order for the change of venue, it was properly entitled and described in the pleadings of both plaintiff and defendant; and the identity of the pleadings with the case, in which the citations had issued and the several entries and order were made, was proved by the transcript, and certificate of the Clerk of the Washington Court, which became the record of the case in the Court in Fayette. The plea in abatement was thus disproved by the record; and there manifestly was no error or impropriety in the docketing of the case, and conducting the subsequent proceedings in the names of the proper parties to the suit, so appearing by the pleadings and proceedings contained in the transcript of the record. It is insisted by the appellant that the failure to transfer and enter the cause upon the docket at the next ensuing Term of the Fayette Court was a discontinuance. It is true in the practice at Common Law, if the plaintiff leaves a chasm in the proceedings of his cause, as by not continuing the process regularly from day to day and Term to Term, the suit is discontinued, and the defendant is no longer bound to attend. It is similar to the suffering of a nonsuit by the plaintiff. In either case the plaintiff must bring his action anew. But the severity of this rule of the Common Law practice has been relaxed in our practice; and though the plaintiff suffer, or even elect to take a nonsuit, still he is permitted to appeal to the equitable powers of the Court, and have the nonsuit set aside and the case reinstated, for cause. The equitable powers of the Court should be equally efficacious to reinstate a case where there has been a discontinuance. There is no difference in principle in the cases, and there can be no reason for denying the power in the one case which is admit-

Gillespie v. Redmond.

ted in the other. In both cases the application is addressed to the equitable powers of the Court, which are ample. Nor has the exercise of the power been confined in practice to cases of nonsuit. In Garrett v. Gaines (6 Tex. R. 435,) this Court held that the District Court had power to reinstate a case upon the docket which had been improperly dismissed for want of prosecution at a former Term. (See Rogers v. Watrous, 8 Tex. R. 62.) The question is one of practice, to be decided upon considerations of policy and convenience, rather than matter of absolute principle. And there is no principle of law, obligatory upon the District Court, which will prevent that Court, in the exercise of its equitable powers, from reinstating a case for good cause, though there may have been a discontinuance. And if the Court may reinstate, of course they may refuse to strike from the docket, where the discontinuance has not been in consequence of the fault of the plaintiff, and a proper case is presented. Such a case, it will not be denied, was shown in opposition to the motion to dismiss.

But it is insisted that the attorney being security for costs, could not be released from his obligation so as to become a competent witness in the case. It is immaterial whether he was a competent witness or not to testify upon the trial of the cause. This interest did not render it incompetent for the Court to hear his statement in opposition to the motion to dismiss, as upon an application to reinstate. Such an application is addressed to the discretion of the Court, and in its support the Court might hear the affidavit of the party himself, and give it such weight as it was entitled to.

The deposition of the witness Lane was rightly excluded on the ground of interest. His liability upon his draft had been long since barred by limitation. His liability to the defendant depended on the event of the suit. If the plaintiff failed to recover he could not be held liable, and the effect of his testimony would have been to discharge him from his liability. He had an interest direct and certain in the event of the suit; and the record would be legal evidence for or against him in

a suit thereafter instituted against him by the defendant. The errors assigned which we have considered, therefore, afford no ground for reversing the judgment.

But a further ground of error assigned is that the Court admitted evidence of the legal rate of interest of the State of Louisiana, and gave judgment upon the verdict for such interest, when there was no corresponding averment in the pleadings. Repeated decisions of this Court have settled beyond a question that this was error. (10 Tex. R. 350.) And for this error the judgment must be reversed and the cause remanded, unless the plaintiff shall think proper to remit the interest allowed in the verdict and judgment.

Reversed and remanded.