### JOEL PONTON v. M. H. BELLOWS AND WIFE.

It seems that in taking a bill of exceptions to the decision of a motion which involves matters of fact, the matters of fact should be stated; or it should be stated that no evidence was offered respecting the same, otherwise the presumption will be that such evidence was offered, and in the absence thereof the decision cannot be revised.

It is incumbent on the plaintiff or party prosecuting the suit, in cases of change of venue, to cause the case to be transferred as early as conveniently practicable; or within a reasonable time. But what will be a reasonable time must depend upon the circumstances of each case.

Appeal from Lavaca. This was a contest respecting the right to administer on an estate. The record contained the following bill of exceptions:

"Spring Term, 1853. The defendant filed his motion to "dismiss this cause from the docket for the reasons set forth "in the said motion, and it appeared to the Court from the "said transcript of the record of the cause, that this cause had "been removed by the order of the District Court of Gon-"zales county to Lavaca county in October, 1851, and that "the same had not been docketed in Lavaca county until the "Spring Term, 1853; the Court having heard argument up-"on the motion by the attorneys of the plaintiff and the de-"fendant, overruled the motion of the defendant; whereupon "the defendant excepted," &c.

The change of venue had been made by consent of the parties, and the Clerk was ordered to transmit all the original papers, &c.

*A. S. Cunningham*, for appellant. By the Common Law, if a Term of the Court passed without plaintiff prosecuting his suit, or without an order made, the cause was discontinued. (Petersdorf's Abridgment, Title DISCONTINUANCE OF ACTION; 7 Leigh, R. 221; 1 Pike, R. 48.) Our Act of Legislature

may remedy this, but surely it would not allow any party to withdraw his cause from the docket entirely, and replace it after several Terms or several years, for one may be done as well as the other.

*G. W. Smith,* for appellees. The change of the cause from Gonzales to Lavaca county, appears to have been ordered by consent of the parties, and the defendants contend that it was as much the duty of the plaintiff to have the papers of the cause transmitted to Lavaca District Court, as the defendants; that the change was with his consent and perhaps at his instance, at least the record shows nothing to the contrary. In this view it would appear that the defendants should not suffer for the non-performance of a duty as binding at least on a plaintiff as on them. (Rogers v. Watrous, 8 Tex. R. 64.)

The Act regulating the change of the venue, fixes no limitation in which the papers shall be remitted on a change of venue. (Hart. Dig. Art. 636.) Nor does it enjoin the duty of remitting, &c., the papers on either party. And is it not a fair inference from the silence of the law, upon the point, that it is the duty of the Clerk of the Court to prepare and remit the papers by a safe and disinterested person or in the manner to be ordered by the Court? In this case the Court ordered the Clerk to remit the papers to Lavaca county. Again no cause can be dismissed from the Court or be considered as dismissed, without an order or judgment to that effect entered of record, and by our statute all the business of the Courts undisposed of stands continued without any order expressly to that effect. (Hart. Dig. Art. 749.)

There may have been good reasons shown to the Court and the delay satisfactorily accounted for, which do not appear in the record, there being no statement of facts.

WHEELER, J. The ground of error relied on is the refusal of the Court to strike the case from the docket on the motion of the appellee.

In the recent case of Gillespie v. Redmond, (*Ante,*) it was held that the omission to place the case on the docket of the Court to which it was transferred, at the Term next succeeding the change of venue, would not necessarily operate a discontinuance. That consequence might be obviated by satisfactorily accounting for the delay. It certainly would require very cogent reasons satisfactorily to explain the delay which appears in this case. How it was explained does not appear; there being no statement of facts. But we must presume in support of the judgment, that a sufficient explanation was given, if such apparent laches was susceptible of explanation; and we are not prepared to say that it was not: or even that delay of two or more Terms might not be satisfactorily accounted for. It might be unsafe to fix any certain period within which the case must, at all events, be transferred, and placed upon the docket of the proper Court. The assertion of any arbitrary rule for the government of all cases, might sometimes be productive of irreparable injury and injustice. It is incumbent on the plaintiff, or party prosecuting the suit (or appeal as in this case) to cause the case to be transferred as early as conveniently practicable; or within a reasonable time. But what will be a reasonable time must depend upon the circumstances of each case. In the absence of a statement of the facts, we cannot undertake to say that it was not within such time under the circumstances of this case: or that the delay was not satisfactorily accounted for. The judgment is affirmed.

Judgment affirmed.