**BUTLER v. EXPRESS PUB. CO.**

No. 10945.

Court of Civil Appeals of Texas.
San Antonio.
April 16, 1941.

Rehearing Denied May 21, 1941.

Maude F. Butler, of San Antonio, for appellant.

Denman, Franklin & Denman, of San Antonio, for appellee.

SMITH, Chief Justice.

Maude F. Butler and Express Publishing Company will be referred to herein as plaintiff and defendant, respectively, as in the trial court. The cause has been in this court once before, under the same style. 126 S.W.2d 713.

The suit was filed by plaintiff to recover damages for alleged libel published by defendant in one of its newspapers. It was filed on January 13, 1936, and ran a somewhat hazardous course until for the second time, and finally, it was dismissed for want of prosecution. The record indicates that evidence was heard upon plaintiff's motion to set aside the order of dismissal, but contains no statement of facts or bills of exception, or other authentic statement showing what that evidence was. This being so the conclusive presumption is, of course, that the evidence, coupled with facts embraced in the records of the trial court, and of which the trial judge could properly take notice in the long course of

the litigation, was sufficient to warrant the trial judge, in the exercise of a wide discretion in such matters, to overrule plaintiff's motion for reinstatement. That being so, this court has no discretion in the matter, and cannot revise the order of the trial judge.

Plaintiff also questions the order of the trial court, in limine, denying plaintiff's application for a continuance. That, also, was a matter within the sound discretion of the trial judge, although subject to revision on appeal, if it be found that the court abused its discretion in denying a continuance. This question is not presented by bill of exception, as required by statute and rules, and therefore presents nothing for review on appeal. Aside from that obstacle, plaintiff has undertaken to state the facts concerning the motion to continue, some purportedly from the transcript, but most of them apparently ex parte, and they show no abuse of discretion upon the part of the trial judge. In such case this court is powerless to give the relief plaintiff prays for, even if so disposed.

At one stage of the sinuous course of the suit, the Judge of the 73rd District Court ordered it transferred to the 57th District Court, presumably in the usual form of that character of routine order. The 57th District Court finally dismissed the cause, as stated. Plaintiff asserts now that the cause was transferred to the 57th Court "for trial," and not "for dismissal," and therefore that court had no jurisdiction to dismiss it. There is no merit, of course, in this contention. When the case got into the 57th District Court it was there for every purpose, and subject to any character of order of which it was properly susceptible.

Plaintiff also complains that the court sustained defendant's oral motion to dismiss, contending that the court had no jurisdiction to entertain or grant such motion unless it was in writing. There is no merit in this contention. For it is true, as a matter of course, that a trial judge may dismiss a suit for want of prosecution of his own motion or on motion of either party, in whatsoever form presented, oral or otherwise.

Plaintiff contends that defendant had no right to oppose plaintiff's motion for continuance, because it had previously filed an answer to the merits in the case, which defendant had done some five years before. The contention is obviously without merit,

for no matter how many pleadings either party may file in a case, his right to oppose a continuance when sought by his adversary is not in the least jeopardized thereby.

Plaintiff has presented her appeal without the aid of an attorney, and for that reason we have carefully considered her presentation and discussed her contentions in much more than necessary detail on that account; whereas, under the statutes and rules, if enforced, we would have been obliged to strike her briefs and dismiss the appeal for want of prosecution.

The judgment is affirmed.