**J. S. ABERCROMBIE CO. v. HAGEN et ux.**

**No. 12257.**

Court of Civil Appeals of Texas. Galveston.

Feb. 8, 1951.

Rehearing Denied March 1, 1951.

Turner, Rodgers, Winn, Scurlock & Terry, Frank J. Scurlock and James R. Wendover, all of Dallas, for appellant.

240

Robert F. Peden, Jr., of Bay City, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 130th District Court of Matagorda County, in favor of the Appellees and against the Appellant, entered upon a jury's verdict for $2100.00, in response to a single question by the Court, asking what sum would reasonably compensate the Appellees for permanent damage to—and like appropriation of—a surface strip, 1349 feet long by 26 feet wide, along the southeast line of their 11.3-acre tract of land, resulting from the appropriation thereof by the Appellant for that purpose and its maintenance thereon of 4 oil-pipelines.

A sketch of the scene, taken from the Appellant's brief in this Court, and not criticised by the Appellees, is attached hereto as an exhibit.

On the return of the verdict, the court ordered a remittitur of $1100.00, entering and allowing its judgment for $1,000.00 only, to stand.

In this Court, the Appellant, in its first point-of-error, urges that such claim for damages by the Appellees at the time of filing their suit therefor was squarely barred by the two-year statute-of-limitations, Article 5526, R.C.S.; this for the reason that the right-of-way for the 4 pipelines complained about was shown, by the undisputed evidence, to have been appropriated in September of 1947, whereas, the Appellees did not file their suit herein against this Appellant until December 5, 1949, more than two years thereafter.

This Court has carefully reviewed the record, inclusive, especially, of the Statement-of-facts relating to such claim for the intervention of this two-year statute-of-limitations, and is constrained to hold that it must be sustained.

The evidence affecting this issue seems to be reasonably free from indefiniteness, or dispute, and may, it is thought, be briefly summarized in this way:

The Appellees first filed a similar suit in an original petition, on September 8, 1949, against "Abercrombie Company, a private corporation, duly incorporated under and by virtue of the laws of Texas, and doing business in the County of Matagorda and State of Texas, with its principal office and place of business in the City of Houston, Harris County, Texas, with its authorized agent residing in said County and State, hereinafter styled Defendant."

The undisputed evidence showed there was no such corporation, and thereafter on December 5, 1949, the Appellees, by what they termed their "First Amended Original Petition", filed the suit here at Bar for such damages against "J. S. Abercrombie Company, a private corporation, duly incorporated under and by virtue of the laws of Texas, and doing business in the County of Matagorda, and the State of Texas, with its principal office and place of business in the City of Houston, Harris County, Texas, with its authorized agent residing in said County and State, hereinafter styled Defendant," and so forth.

No answer nor cognizance whatever by this Appellant, "J. S. Abercrombie Company", to such first suit so filed by the Appellees was ever made, or taken, by this Appellant; whereas, in response to the second one, it filed its original answer thereto on the date of December 19, 1949, and has persistently resisted ever since the damage-claim herein so recovered upon by the Appellees, as indicated supra.

The Appellant, on the one hand, asserts that the undisputed evidence discloses that the right-of-way for the 4 pipelines was appropriated by it in September, 1947;

Whereas, the Appellees, directly opposing, to quote their own language from their brief, say this:

"Defendant company desired to gather gas from several producing wells on nearby leases (1/10 to 1/2 mile away) and some time late in December, 1947, or early in 1948, laid four pipelines across one side of Plaintiffs' land. These pipelines were laid above the surface of the Plaintiffs' land, without their consent or permission, and they still remain above the surface of their land, cutting off ingress and egress on one side.

"Defendants have continuously used the strip of land which they appropriated and which is approximately 35 feet wide and 1349 feet long."

This apposition of the view-points of the opposing litigants expresses, in this Court's opinion, the justiciable question involved as concerns the applicability of the two-year statute-of-limitation, so invoked by the Appellant.

Further, what slight difference there may be, if any of a probative character, between the opposing parties as to the time when the Appellant committed its alleged entries upon and appropriation of the strips of the Appellees' land for the purpose of constructing and maintaining its 4 oil-pipelines thereon, results from a similar difference in ways of thinking.

In other words, as indicated, the Appellant marshals the evidence, and all of it,

this Court thinks, bearing upon the inquiry as to when it first entered upon the Appellees' premises and appropriated the rights-of-way thereon; showing, even by the testimony of the Appellees themselves, that that was done not later than during the month of September, 1947, the actual erection of the pipelines thereon occurring some months thereafter, or as recited in the above-quotation from the Appellees themselves, laid them thereon "some time late in December, 1947, or early in 1948."

The language of R.S. Article 5526 is this:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions of trespass for injury done to the estate or the property of another."

■ Our courts have held that, in instances like the one here involved, where recovery of damages for the appropriation of a right-of-way over, or to the land itself, is sought as a permanent injury thereto, the limitation begins to run from the date of the appropriation thereof. Baker v. City of Ft. Worth, 146 Tex. 600, 210 S.W. 2d 564, 5 A.L.R.2d 297; Houston Water-Works Company v. Kennedy, 70 Tex. 233, 8 S.W. 36; Stillwell v. City of Ft. Worth, Tex.Civ.App., 162 S.W.2d 1046, affirmed 140 Tex. 560, 169 S.W.2d 486.

■ Notwithstanding the Appellees' position to the contrary, it is further held that the Appellant, under the facts already stated, was not in court until the filing of the Appellees' amended petition on December 5, 1949, because it was not legally named as a Defendant in such a suit prior to that time. These authorities, among many others that might be cited, are thought to establish that conclusion as a matter-of-law. Adams v. Consolidated Underwriters, 133 Tex. 26, 124 S.W.2d 840; Article 5526, R.S.; Buie v. Couch, Tex.Civ.App., 126 S.W.2d 565, writ refused; City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93; Landers v. Jordan, Tex.Civ.App., 126 S.W.2d 677; Martinez v. Dragna, Tex.Civ. App., 73 S.W. 425; Owen v. City of East-land, 124 Tex. 419, 78 S.W.2d 178; Real Estate Land Title and Trust Co. v. Beryle, Tex.Civ.App., 88 S.W.2d 767, 768; Reid v. First National Bank of Mabank, Tex.Civ. App., 97 S.W.2d 970; Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; 28 Tex.Jur. 198; 28 Tex.Jur. 202; 28 Tex.Jur., Limit of Actions, Secs. 100, 101, and 102; and West v. Johnson, Tex.Civ.App., 129 S.W.2d 811, writ refused.

On this question, the Appellees, in their brief, express this view: " * * * on the matter of the misnomer of the Defendant, and lack of diligence on the part of Plaintiffs, it is noted at 28 Tex.Jur., page 205, that 'an amendment which corrects a Plaintiff's Christian name does not give the Defendant the benefit of the statute of limitations: Citing Middlebrook v. David Bradley Mfg. Co., Tex.Civ.App., 27 S.W. 169, in which the Court said a mere change of parties such as an amendment which strikes out one of the Plaintiffs, or which corrects the Christian name, it has been held is not such an amendment as would give the Defendant the benefit of the statute of limitations. McIlhenny v. Lee, 43 Tex. 205, 208; Tousey v. Butler, 9 Tex. 525. The same reasoning would apply to change in the Christian name of one of the Defendants.' "

■ There is, as seems to this Court, a material difference in the rule, depending upon whether the misnomer applies to a Plaintiff or a Defendant, and that the Appellees here have failed to apply such a difference, as the authorities cited next above those they depend upon make clear. In this instance, as recited supra, this Appellant was never served, nor attempted to be served by the Appellees under their original petition, and it never answered in response thereto, nor was any diligence in an effort to get it into court in connection therewith ever exercised by the Appellees. Hence, the rule would apply, as thus stated in 28 Tex.Jur. 202: "On the other hand, in the absence of a waiver or appearance, it seems that misnomer of a party defendant precludes the commencement of suit from tolling the statute as to the defendant, who is intended to be sued. In such case, the statute runs until the filing of an amended pleading, correcting the mistake."

These conclusions ·require a reversal of the trial court's judgment, and a rendition of the cause in favor of the Appellant. It will be so ordered.

Reversed and rendered.