George **ROUTH** et al., Appellants,

v.

**CITY OF SAN ANTONIO**, Appellee.

No. 3304.

Court of Civil Appeals of Texas.
Eastland.

May 10, 1957.

Ronald Smallwood, San Antonio, for appellants.

Carlos C. Cadena, City Atty., C. J. Matthews, Leo R. Dougherty, Asst. City Attys., San Antonio, for appellee.

LONG, Justice.

On October 11, 1947, the City of San Antonio instituted this suit against George Routh and John E. Routh. On October 3, 1947, the defendants filed their answer and cross-action. On the first day of June, 1956, the court dismissed the case including the cross-action for want of prosecution. Thereafter, at the same term of court the defendants filed their motion for new trial and asked that their cross-action be reinstated on the docket. A hearing was had and at the conclusion thereof the court overruled the motion, hence this appeal.

Counsel for defendants, who filed their answer and cross-action, withdrew from the case in April, 1956. Defendants, thereafter, about the middle of May, 1956, employed their present attorney, who at that time resided at McQueeney, Guadalupe County, Texas. This attorney immediately obtained the file in the case from the former attorney for the defendants. At that time defendants' present counsel was advised that the case was set for June 1, 1956, and that if an announcement was not made at that time the case would be dismissed for want of prosecution. Defendants' new attorney did not advise the court nor the clerk that he was representing defendants. On the morning of June 1, 1956, counsel for defendants from his home in McQueeney telephoned Mr. McGuire, an attorney in San Antonio and requested that he make an announcement for him in the case upon the call of the docket. Counsel told Mr. McGuire that he had a case set in another court and could not be present at the call of the docket. Mr. McGuire advised the defendants' counsel that he could not attend the call of the docket, but that he would have Mr. Beaton, another attorney of the San Antonio Bar, attend the call and make the announcement for him. Mr. McGuire testified on the hearing that he did see Mr. Beaton and that Mr. Beaton agreed to attend the call of the docket on behalf of the attorney for defendants. Mr. Beaton testified that he did not attend the call of the docket but that he arranged with another attorney, Mr. Klein, to attend the call of the docket and make the announcement for the defendants. Mr. Klein testified that he was present when the docket was called and that he did not hear this case called. Upon the hearing the trial court made the following statement for the record:

"The Court: The Court would like for the record to show in view of some of the testimony which has been offered here today in this hearing, particularly about this case not being called on the docket, that it was called and it was number two; the second case appearing on the docket, on June 1st, 1956. The case was set on order of this Court for dismissal for want of prosecution on April 27th, 1956, and at the request of the lawyer appearing for the defendants, who asked leave of the Court to withdraw as attorney of record and agreed to notify the defendant of the withdrawal and of the next setting of the case, the case was re-set by the Court for dismissal for want of prosecution on June 1st, 1956, at 9:30. That it did appear on the docket on June 1st, as the second case on the docket for that day along with other cases which had likewise been carried forward from the April 27th list of cases set to be dismissed for want of prosecution and that date being the Friday before the first Monday in the month, under the rules of procedure which the District Judges have operated under for calling the jury docket for the month for announcement and assignment for trial, there being some fifty to seventy cases on the June jury docket, on Friday morning at nine-thirty, June 1st, this Court proceeded to begin the call of the cases published as jury cases on the jury docket for the month of June and it is true that there were many lawyers in the courtroom and when the Court, as previously announced that morning, completed the call of the jury docket first,

the Court then proceeded to call the docket of cases set for that day. There is a notation on the docket that shows that the attorney for the defendants had withdrawn and there was filed among the papers an order signed by Judge Quinn of the 57th District Court, permitting the attorney for the defendants to withdraw and no announcement was made by any lawyer on behalf of the defendants upon the call of the docket on June 1st, other than the lawyer for the plaintiff, and due to the state of the docket and the number of matters to be heard, the Court suggested that the lawyer for the plaintiff come back at two o'clock and the Court recalls specifically that the city attorney representing the City of San Antonio did return at two o'clock and did then state in open court that the City of San Antonio had no objection to the cause being dismissed for want of prosecution and so moved. The Court granted the motion and entered the order dismissing the case for want of prosecution and the docket of the Court so shows and, likewise, on the same date and in the other cases carried forward from April 27th settings of dismissals for want of prosecution, other cases on the same day were dismissed for want of prosecution because no announcement was made.

"Mr. Smallwood: May I ask the Court a question for the record?

"The Court: Sure.

"Mr. Smallwood: Do you recall whether counsel here advised you that I was representing the defendants in the case?

"The Court: No. The Court has no recollection of that.

"Mr. Smallwood: The Court at that time was familiar with the fact that I was a resident of Guadalupe County?

"The Court: Yes. The Court knew you had removed to McQueeney, Texas.

"Mr. Smallwood: That's all.

"The Court: Neither Mr. Klein or Mr. McGuire or Mr. Beaton made any announcement in this case to the Court. In checking the file docket the Court will say very likely because of the cases on the jury docket of Mr. Klein's, that he was in the courtroom during the call of the jury docket and Mr. McGuire also had cases on the jury docket that morning and that Mr. Klein's case was about half way through the jury docket and announcements were made in them and that it is customary upon the completion of the call of the jury docket on the Friday before the first Monday on each calendar month, that lawyers who are in the courtroom for that particular docket and no other matter, customarily get up and leave. That has been the practice for many years to this Court's recollection. The Court will further add that sometimes we have a number of dockets called and on Friday, April 27th, the Court specifically remembers we had four different dockets to call. Mr. Smallwood, you never did file any pleadings with the District Clerk indicating you were the attorney of record for defendants, did you?

"Mr. Smallwood: No, sir, I didn't.

"The Court: Until you filed the motion for new trial.

"Mr. Smallwood: I did not. My name did not appear as counsel and the reason it didn't was because of the fact that the City had filed a pleading setting up some special exceptions that the Court should have ruled on and there was no character of pleading I could file unless I amended the cross-action of the defendants and I pro-

posed to do that at such time as the Court acted upon the special exceptions which was what I wanted and the reason I asked my associates in the matter to have the Court set the pretrial hearing on the special exceptions, so I could ascertain whether I should file an amendment and other than that I didn't see any point in amending the pleadings until the Court actually acted upon the exceptions, but my name did not appear on June 1st on any pleadings in the case."

■ Appellants make the contention that the trial court erred in dismissing the case for want of prosecution and in not granting their motion for new trial. It is their contention that the trial court abused its discretion in so dismissing the case. It is the further contention of counsel for appellants that he fully complied with Texas Rules of Civil Procedure, rule 246. It provides as follows:

"The clerk shall keep a record in his office of all cases set for trial, and it shall be his duty to inform any non-resident attorney of the date of setting of any case upon request by mail from such attorney, accompanied by a return envelope properly addressed and stamped. Failure of the clerk to furnish such information on proper request shall be sufficient ground for continuance or for a new trial when it appears to the court that such failure has prevented the attorney from preparing or presenting his claim or defense."

Attorney for defendants testified that he furnished the clerk with a number of envelopes properly stamped and addressed and requested the clerk to advise him of the settings of any cases in which he might be interested; that he did this in the early spring of 1956. Counsel for defendants never at any time prior to June 1, 1956, on which the case was set, communicated in any way with the judge or clerk. He did not notify either of them that he was representing the defendants. The clerk, therefore, could not give him notice of the setting because he did not know that he was representing the defendants. Furthermore, counsel for defendants had ample notice that the case was set for June 1, 1956, and that if no announcement was made the case would be dismissed for want of prosecution. Instead of appearing at the hearing or communicating with the trial court and advising him that he could not be present at the call of the docket he pursued a very circuitous route in attempting to get some announcement made. The trial court has found that the case was called and that no announcement was made. For convenience of the court he passed the case until 2 o'clock in the afternoon of June 1, 1956, at which time the order was entered dismissing the case for want of prosecution. The case had been on the docket for about nine years. There is no evidence that defendants had made any effort to get a hearing on their cross-action. Under the law the rule is that failure of a plaintiff to prosecute his suit to judgment may be treated as an abandonment of the action and the court may properly dismiss the case for want of prosecution. This rule is also applicable to the cross-action of a defendant. When the defendant files a cross-action, he becomes a plaintiff insofar as a cross-action is concerned and, if he fails to prosecute his cross-action with diligence, it may be dismissed for want of prosecution. Ware v. Jones, Tex.Com.App., 242 S.W. 1022. The law is well settled that, in the absence of a statutory provision, every court has the power to dismiss a suit for want of prosecution. The action of the court in so doing will not be disturbed unless an abuse of discretion is shown. First National Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085; Stateler v. Nettles, Tex.Civ. App., 163 S.W.2d 700. We find no abuse of discretion on the part of the trial court in dismissing this case. The judgment is affirmed.