**Ralph B. PATRICK, Appellant,**

v.

**Michael CALLAN, Appellee.**

No. 3965.

Court of Civil Appeals of Texas.

Waco.

Nov. 22, 1961.

Rehearing Denied Feb. 1, 1962.

Beard, Kultgen & Beard, Waco, for appellant.

Riley, Jones, Boyd & Lovelace, Waco, for appellee.

WILSON, Justice.

The trial court dismissed plaintiff's action on defendant's plea of limitation, the judgment reciting all matters of law and fact had been submitted to the court. The parties stipulated: plaintiff's attorney was employed by an insurance company to institute a subrogation action arising out of an automobile collision occurring March 2, 1959; suit was filed April 4, 1960 by mailing the petition to the clerk with a cost deposit; no copy of the petition was enclosed in the transmittal letter, which requested only that the instrument mailed be filed. The clerk mailed a receipt for the cost deposit. Since no copy of the petition was furnished the clerk did not issue citation when suit was filed. It was not issued until March 16, 1961.

No findings or conclusions were filed or requested. Plaintiff's attorney testified failure to send a copy of the petition to the clerk was inadvertent; that he intended that citation be issued, and did not discover it had not been issued until about March 16; that his failure to make the discovery resulted from his reliance on reminders which

he received from the insurance company for which he handled a number of such suits, and the fact that he had not received a reminder about this case until the time he discovered citation had not been issued. The petition alleged defendant's address.

In order to toll the statute of limitation by the filing of a suit there must be not only a bona fide intention that process be issued and served, but diligence as well. Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859, 872; Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628, 631, syl. 4; City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93, 95; First State Bank & Trust Co. of Rio Grande City v. Ramirez, 133 Tex. 178, 126 S.W.2d 16.

The evidence is sufficient to support the implied finding of the trial court, who was also justified in concluding that although the attorney's failure to have process issued was understandable, in the press of business, he properly relied on a reminder which was not sent to him with diligence. Affirmed.