**Raymond D. PAYNE et ux., Appellants,**

**v.**

**CITY OF TYLER, Appellee.**

**No. 40.**

Court of Civil Appeals of Texas.

Tyler.

March 19, 1964.

Rehearing Denied May 7, 1964.

Second Rehearing Denied June 4, 1964.

[redacted]

Wm. R. Crocker, Lawrence & Lawrence, Tyler, for appellants.

Troy Smith, Smith & Smith, Henry L. McGee, Jr., Tyler, for appellee.

DUNAGAN, Chief Justice.

On September 19, 1960, the City of Tyler, a municipal corporation, possessing the right of eminent domain, filed a condemnation action against the appellants herein for the purpose of acquiring easement rights with respect to a lighting approach to its municipal airport over certain lands owned by the 'defendants (appellants). Commissioners were appointed and after a hearing was had, an award was made on September 28, 1960, which was filed with the County Judge of Smith County, Texas. On the following day, September 29, 1960, the City of Tyler deposited in the registry of the court the amount of the award and thereupon went into possession of the property The defendants (appellants here) filed objections to the award on October 6, 1960, and withdrew the amount of the award on the 9th day of January, 1961. No citation was ever issued for service on the City of Tyler and no effort was ever made by the appellants to bring this action to trial. On September 19, 1963, two (2) years, eleven (11) months, and thirteen (13) days after appellants filed objections to the award, the City of Tyler filed its motion requesting the court to dismiss the cause for want of prosecution and because of abandonment. The hearing on the motion was held on July 2, 1963, and on the 4th day of October, 1963, an order dismissing such cause was signed by the presiding judge of the County Court at Law of Smith County, Texas.

Appellants have duly perfected their appeal from said judgment and we are called upon to review the action of the trial court.

The trial court, at the request of the appellants, filed findings of fact and conclusions of law.

By appellants' first point of error they complain that the court erred in dismissing defendants' cause of action based upon its conclusion that the two-year statute of limitation is applicable to this cause of action.

Appellee, by way of counter-point No. 1, contends that the appellants' right to recover money in addition to the award made by Condemnation Commissioners and the amount deposited in the registry of the court and thereafter accepted by the appellants, constituted a cause of action for damages to be tried as any other civil action when the objections to the award was filed and the two-year statute of limitations applied.

Appellee's contention is sustained.

The filing of objections to the Condemnation Commissioners' award constitutes the institution of the lawsuit to be tried and determined as any other civil

cause in court. City of El Paso v. Ward, Tex.Civ.App., 213 S.W.2d 726; Pearson v. State, Tex.Civ.App., 307 S.W.2d 159; Lower Nueces River Water Supply District v. Cartwright, 160 Tex. 239, 328 S.W.2d 752; Article 3266, Rev.Civ.St.Tex., Vernon's Ann.Civ.St. art. 3266.

■ The right to recover additional damages if the condemnees had suffered additional damages, accrued when Condemnation Commissioners' award was filed and the right to recover such additional damages, if any were suffered, is made dependent by virtue of Article 3266, R.C.S.T., upon the condemnees' filing of objections to the award within ten (10) days after the award was made. So, therefore, it may be said ·that the limitation period started to run at the end of ten (10) days after the award was made. In this case, the appellants' action for additional damages was filed within the ten-day period. However, the filing of such suit did not have the effect of suspending limitation for the reason that there was no citation issued and there was no effort made to bring this case to trial during the time from the filing of the objections until the motion to dismiss the same for want of prosecution and abandonment was heard, which period is almost three years.

■ The mere filing of a suit does not suspend the running of the statute of limitation against a claim.

In the case of Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859, our Supreme Court held that the mere filing of a suit in 1940 did not interrupt the running of the statute of limitation against a claim.

In the case of Patrick v. Callan, Tex.Civ. App., 353 S.W.2d 40, the Supreme Court said:

"In order to toll the statute of limitation by the filing of a suit there must be not only a bona fide intention that process be issued and served, but diligence as well."

The Austin Court of Civil Appeals in January, 1962 (no writ history), in the case of McMullen Oil and Royalty Co. v. Lyssy, 353 S.W.2d 311, said:

"In Texas it has long been held that the mere filing of a petition does not toll the statute of limitations since there must be a bona fide intention that process be issued and served and due diligence must be exercised in both the issuance and service of process."

■ Therefore, in this case, since appellants never caused citation to issue and never did anything toward the prosecution of this suit and did not offer any excuse or reason for not prosecuting the suit, limitation was not suspended by the filing of the suit. The findings of fact and conclusions of law made by the trial court, not having been excepted to, or objected to in any manner by the appellants, is conclusive of the fact situation.

Appellants take the position that the two-year statute of limitation does not apply and that the ten-year statute of limitation is the one applicable.

Article 5526, R.C.S.T., insofar as the same concerns the proposition here, reads as follows:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions of trespass for injury done to the estate or the property of another.

\* \* \* \* \* \*

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

In the case of J. S. Abercrombie Co. v. Hagen, Tex.Civ.App., 238 S.W.2d 239 (no writ history), the court had before it the question of what statute of limitation controlled where a pipe line company had appropriated an easement on a landowner's property. In considering the question, the

court had before it only the question of when a cause of action accrued where one having the right of eminent domain had entered upon the land of another and established an easement across it. The court said:

"Our courts have held that, in instances like the one here involved, where recovery of damages for the appropriation of a right-of-way over, or to the land itself, is sought as a permanent injury thereto, the limitation begins to run from the date of the appropriation thereof. Baker v. City of Ft. Worth, 146 Tex. 600, 210 S.W.2d 564, 5 A.L.R.2d 297; Houston Water-Works Company v. Kennedy, 70 Tex. 233, 8 S.W. 36; Stillwell v. City of Ft. Worth, Tex.Civ.App., 162 S.W.2d 1046, affirmed 140 Tex. 560, 169 S.W.2d 486."

The court also held that the two-year statute (R.C.S.T., Art. 5526, above quoted) was applicable.

The foregoing authorities relate to the taking of property by one having authority to acquire property by eminent domain and where the party has gone into possession through the exercise of eminent domain and hold that the two-year limitation statute is applicable.

The fourth clause of Article 5526 of our Revised Civil Statutes also applies as a limitation condition in this case.

Appellants' claim against the appellee is one for money and although it is money claimed to be due appellants for the taking of land, it does not involve title for land but simply involves the sole question of how much money appellants were entitled to by virtue of the lawful taking of appellants' property by the City through the exercise of eminent domain.

■ The two-year statute of limitation, relating to the recovery for debt, is applicable since there is no contract in writing forming the basis for the action but is simply a right of action created by the

statute of our state. In the case of Hodges v. Price, Tex.Civ.App., 163 S.W.2d 868 (ref. for want of merit), the court held that obligations created by statute are subject to the bar of the two-year statute of limitation.

In the case of Cowart v. Russell, 135 Tex. 562, 144 S.W.2d 249, the Commission of Appeals, opinion adopted by the Supreme Court, held that obligations created by statute are subject to the bar of the two-year statute of limitations.

The case of Miller et al. v. Kountze Corporate School District, 54 S.W.2d 344, the Commission of Appeals, in an opinion which was specifically approved by the Supreme Court, held that the words "actions for debt" as used in our limitation statute includes all suits brought to recover money without regard to any technical distinction between debt and damages.

In Texarkana & Ft. Smith Railway Co. v. Houston Gas & Fuel Co., 121 Tex. 594, 51 S.W.2d 284, in answer to certified questions, the Supreme Court, through the Commission of Appeals, held that the term "actions for debt" as used in the limitation statute requiring suits to be brought within four years on written contracts "include all suits brought to recover money for the breach of contract in. writing without regard to the technical distinction between actions and suits, and debts and damages at common law."

■ Since appellants filed objections to the award of the Condemnation Commissioners and thereafter accepted the amount of said award deposited into the court for them, the case, according to the statutes and decisions, became a civil suit in the County Court to be tried as any other civil action. As a result of the fact that the land involved has been taken as the law provides and the City has gone into possession of it, as it had the right to do, the prosecution of the case by the appellants in the County Court became one of debt for what appellants claimed to be a difference in the

value found by the Condemnation Commissioners and that which they contended to be the proper value. The right to prosecute such suit for such additional compensation, if any they were entitled, exists because the Constitution and statutes of Texas so provide; therefore, this is simply an action for debt not evidenced by written contract and is barred under the two-year statute of limitation as a result of the failure of appellants to prosecute their action within two years after such cause accrued.

■ Appellants contend that the ten-year statute of limitation applies in this case because they say it involves the title to land; however, as above cited, the City of Tyler has, through the lawful procedure, acquired the title to the land and has gone into possession thereof and there is no title question involved since the City of Tyler made its acquisition in the manner provided by law.

In the case of Thompson v. Janes, Tex. Civ.App., 245 S.W.2d 718, affirmed by the Supreme Court, 151 Tex. 495, 251 S.W.2d 953, it was said:

> "We think reversible error is not presented for the further reason that a condemnation proceeding 'is not a trial of the title to land nor does it involve the recovery of land.'" (Citing McInnis v. Brown County Water Improvement District, Tex.Civ.App., 41 S.W.2d 741, 744.)

■ All the cases cited by appellants in which the ten-year statute of limitation which they claim applies were all cases in which the party having the right to condemn land failed to do so and as a result thereof, the landowner brought suit against the party having the right to condemn, which action resulted in what is known as "inverse condemnation". "Inverse condemnation" is a situation where one having the power of eminent domain has taken property without the exercise of such power and has not made any payment for the property so taken. By virtue of Article 3269, R.C.S.T., Vernon's Ann.Civ.St. art. 3269, suits for property, for damages, for injunctions, etc., against a concern having the right of eminent domain may be converted into an inverse condemnation action; but we have no such situation here.

The cases relied on by appellants to support their ten-year statute of limitation contention are distinguishable from the law of this case and we do not think they are applicable to the case at bar.

The appellee in this case acquired its title through the proper exercise of eminent domain and it has paid the consideration; whereas, in the case cited by appellants on the ten-year limitation question, all of the corporations being sued had the right to exercise eminent domain but had failed to do so.

Our disposition of this case on appellants' point of error No. 1 renders unnecessary a discussion of the remaining point of error presented by appellants.

Based upon the record before us, we are of the opinion that the cause of action was barred by the two-year statute of limitation and the court's action in dismissing the case was correct.

Judgment affirmed.

## ON MOTION FOR REHEARING

In our original opinion we said that our disposition of this case on appellants' point of error No. 1 renders unnecessary a discussion of the remaining point of error presented by appellants. However, upon considering appellants' motion for rehearing and hearing oral arguments thereon, we have concluded that appellants' point of error No. 2 should also be discussed.

Appellants allege in point of error No. 2 that "The court erred in dismissing Defendants' cause of action based upon its finding of unreasonable delay on the part of Defendants in prosecuting the cause of action."

The facts material to this point of error are that the appellants, condemnees in the City of Tyler's eminent domain suit, filed their objections to the Commissioners' award in the County Court on October 6, 1960, within ten (10) days after the award had been made and filed. Appellants withdrew the amount of the award on the 9th of January, 1961, and never took any other steps or made any effort to bring the City of Tyler to trial on the action resulting by appellants' filing of objections on October 6, 1960. On September 19, 1963, two (2) years, eleven (11) months and thirteen (13) days after this condemnation proceeding was filed in the County Court and became a court action, the City of Tyler filed a motion requesting the trial court to dismiss the cause because of the fact that appellants had never requested the issuance or service of citation or did anything showing diligence on their part in prosecuting the case. The motion further alleged that the lack of diligence on the part of appellants was such as to conclusively show the case had been abandoned.

The trial court heard the motion with appellants' attorneys being present and concluded that the cause should be dismissed and entered an order to that effect on October 4, 1963.

The record does not show that this case has ever been set for trial, except at the time the City of Tyler filed its motion to dismiss the cause. None of these findings of fact made in response to appellants' request for findings of fact and conclusions of law sustain appellants' point. The trial court made the following findings in paragraph III and IV of his findings of fact.

"III.

"Condemnees never requested that any citation issue in this case and no citation ever issued in this action for service on anyone. No action was taken in this case after the objections to the award was filed until condemnees deposited a jury fee in the case on March 21, 1963; thereafter the case was set for trial, whereupon the CITY OF TYLER filed its Motion to Dismiss the Case because of the failure of the condemnees to have citation issued and served for more than two (2) years after the filing of the objections and because the case had been abandoned.

"IV.

"On the trial on the Motion no excuse or reason was offered to excuse the delay in the prosecution of the case by the condemnees."

No objections or exceptions were taken to these findings and no request for additional findings was made.

It is an inherent right of the court, existing independently of any statute, to dismiss a suit for failure to prosecute it with due diligence. The exercise of this right is discretionary with the trial court and will not be interfered with unless it clearly appears that the court has abused its discretion. Vol. 20, Tex.Jur.2d, p. 214, Section 33; Routh et al. v. City of San Antonio, Tex.Civ.App., 302 S.W.2d 452; Howeth v. Davenport, Tex.Civ.App., 311 S.W.2d 480; First National Bank of Houston et al. v. Fox et al., 121 Tex. 7, 39 S.W.2d 1085; Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85.

In the case of Butler v. Express Pub. Co., Tex.Civ.App., 151 S.W.2d 309, where the trial court had dismissed a lawsuit which had been tried and appealed and reversed and after reversal was dismissed by the trial court for the want of prosecution, the court said:

"The record indicates that evidence was heard upon plaintiff's motion to set aside the order of dismissal, but contains no statement of facts or bills of exception, or other authentic statement showing what that evidence was. This being so the conclusive presumption is, of course, that the evidence, coupled with facts embraced in the

records of the trial court, and of which the trial judge could properly take notice * * * was sufficient to warrant the trial judge, in the exercise of a wide discretion in such matters, to overrule plaintiff's motion for reinstatement. That being so, this court has no discretion in the matter, and cannot revise the order of the trial judge."

In the above case, the court also said that there was no merit in plaintiff's contention that the court erred in sustaining the defendants' oral motion to dismiss saying:

"For it is true, as a matter of course, that a trial judge may dismiss a suit for want of prosecution of his own motion or on motion of either party, in whatsoever form presented, oral or otherwise."

One of the latest cases on the question of abandonment is the case of Denton County v. Brammer, 361 S.W.2d 198, where our Supreme Court held that when a condemnee objected to findings of a condemnation commission and filed objections to the award, the filing became a cause pending in the County Court of Denton County and such cause so filed should be tried and determined as in other civil causes in the county court. In the Denton County case no citation was issued. Sometime after the filing of the original objections, amended objections were filed, but no citation was issued. The Supreme Court in the course of the opinion said:

"The filing of the original objections in this case vacated the award of the special Commissioners. The condemnor, Denton County, became the plaintiff and Brammer, the condemnee, became the defendant. Although the condemnee, Brammer, became the defendant, we construe the statute, Article 3266, supra, to mean that the condemnee, Brammer, had the burden of causing the issuance of citation and the obtaining of service of such citation

upon the condemnor, Denton County. While the condemnor, Denton County, as plaintiff, had the burden of proving all the essentials necessary to show a right to condemnation, Fort Worth & D. N. Ry. Co. v. Johnson, 125 Tex. 634, 84 S.W.2d 232, and had the burden of going forward to trial, it was under no legal obligation to do so unless and until it had been served with citation. * * *

* * * * * *

"Brammer abandoned his objections and exceptions long before the filing of his amended objections and exceptions to the award, and, therefore, was not entitled to a judicial determination of the matters presented in his objections and exceptions to the special Commissioners' award. See Flanagan v. Smith, 21 Tex. 493; Ponton v. Bellows, 13 Tex. 254; Gillespie's Adm'r v. Redmond, 13 Tex. 9; Bogle v. Landa et al., 127 Tex. 317, 94 S.W.2d 154; Ware v. Jones et al., Tex.Com.App., 242 S.W. 1022; Routh v. City of San Antonio, Tex.Civ.App., 302 S.W.2d 452, no writ hist.; Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, 491; Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85.

"Since the duty devolves upon the condemnee to cause the issuance of citation, it seems logical to say that he must act with reasonable diligence, and, upon failure to so act, the rules announced in the above cases wherein plaintiffs failed to prosecute their suits with reasonable diligence should be applicable in cases where a condemnee fails to cause the service of citation, and the question of his diligence is in issue. Brammer, so far as the citation was concerned, occupied the same status as a cross-plaintiff, and having failed to act with diligence and having failed to offer any explanation for such failure, he abandoned his objections and exceptions as a matter of law. The rule in Callahan v. Staples, supra, ap-

plies here. In that case wherein the issue of abandonment was raised, the Court said: 'Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and *whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive* presumption of *abandonment* of the plaintiff's suit, * * *discontinuance results.*' (Emphasis added.)

"This rule was quoted with approval in Bevil v. Johnson, supra (1957)."

 The rule is now well established that where a party to the suit has the duty to proceed with the prosecution of the suit with reasonable diligence, a delay of unreasonable duration, if not sufficiently explained, will raise a conclusive presumption of abandonment and will authorize the trial court to exercise his discretion in dismissing the suit.

In Hinkle v. Thompson, Tex.Civ.App., 195 S.W. 311, error refused, the court had before it a case where a suit was filed on June 10, 1933. A plea of privilege was filed and sustained, and the case ordered transferred to Hardin County, Texas, but the record was not sent to Hardin County until October 19, 1950, a period of one (1) year, three (3) months and twenty-three (23) days after the plea of privilege was sustained. One year, three months and twenty-three days after the case was transferred to Hardin County the defendants filed a motion to have the same dismissed for abandonment. The trial court sustained the motion and dismissed the case. The Court of Civil Appeals held there was nothing in the record to show an abuse of discretion on the part of the trial court in overruling a motion by the plaintiff to set aside the order of dismissal.

In the Hinkle v. Thompson case, the court also cited the case of Ponton v. Bel-lows, 13 Tex. 254, wherein the delay complained of was about two (2) years and five (5) months. In that case the Supreme Court said:

"It certainly would require very cogent reasons satisfactorily to explain the delay which appears in this case."

In the case of Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628, Judge Garwood of the Supreme Court held that where a plaintiff had failed for some fifteen months to have citation issued and served in a case he had filed in El Paso County, even though he testified he intended in good faith to get out service in the case and prosecute it to final judgment, the same could be dismissed.

 We find no abuse of discretion on the part of the trial court in dismissing this case and appellants' point of error No. 2 cannot be sustained. Appellants' motion for rehearing is overruled.