George B. SHEPHERD, Appellant,

v.

CITY OF AUSTIN, Texas, Appellee.

No. 12434.

Court of Civil Appeals of Texas, Austin.

Oct. 27, 1976.

Rehearing Denied Nov. 24, 1976.

Robert W. Norris, Phillips & Norris, Paul D. Jones, Jones & Jones, Austin, for appellant.

Donald Lee Wolf, Acting City Atty., Austin, for appellee.

O'QUINN, Justice.

Appellant George B. Shepherd, asserting title to 172 acres of land in Travis County, brought this suit in November of 1972 against the City of Austin as an inverse condemnation action to recover damages for the tract, which the City occupied and used as a permanent extension of its electric generating system.

On grounds arising principally by reason of a prior suit, brought by the City, which had been dismissed by the district court for want of jurisdiction, the City of Austin moved for summary judgment in this cause. The trial court sustained the motion and entered judgment that Shepherd take nothing.

We will reverse the judgment of the trial court and remand the cause for trial.

The City of Austin filed the earlier suit in 1966 in district court of Travis County, purporting to seek condemnation of Shepherd's tract for use in connection with the Decker Lake project, having dual purposes of generating electricity and affording recreation for the public. While that suit was still pending various actions were taken by the district court, including the fixing of a sum to be deposited by the City to enable the City to take possession of the land, although Shepherd at the outset had filed his motion to dismiss on the ground that the district court was without jurisdiction of the subject matter.

Finally, in October of 1972, the district court sustained Shepherd's motion and entered judgment dismissing the cause for want of jurisdiction. Neither party perfected appeal from the order of dismissal,

and shortly thereafter Shepherd brought this action, now on appeal.

The record discloses that at the time this lawsuit was initiated by Shepherd in November of 1972 the City was in possession of the property and had not, after dismissal of the prior suit nor at any time earlier, sought to condemn the land through proceedings in eminent domain initiated in county court.

It is settled that the type of suit Shepherd brought is appropriate " . . . where one having the power of eminent domain has taken property without the exercise of such power and has not made any payment for the property so taken." *Payne v. City of Tyler*, 379 S.W.2d 373, 378 (Tex. Civ.App. Tyler 1964, writ ref. n. r. e. *per curiam* 383 S.W.2d 804); Art. 3269, V.A.C.S. Inverse condemnation has as its essence the situation " . . . that property has been taken and the property owner is attempting to recover compensation therefor." *City of Abilene v. Burk Royalty Co.*, 470 S.W.2d 643, 646 (Tex.Sup.1971). See also *Brazos River Authority v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99, 104 (1961); Cabanis, *Inverse Condemnation in Texas—Exploring the Serbonian Bog*, 44 Tex.L.Rev. 1584 (1966).

A short time prior to a jury trial setting of this case the City filed a motion for summary judgment contending that (1) Shepherd consented in the 1966 action to the City's taking of the property and (2) in the alternative the inverse condemnation action was barred by the two- and four-year statutes of limitation. The gist of the City's contention below and on appeal is that Shepherd, by withdrawing a security deposit ordered by the district court in the earlier suit, took action tantamount to a constitutional *consent*, contemplated under Section 17, Article I, of the Constitution of Texas.

It appears without dispute between the parties that proceedings in the prior suit were as now set out. In the 1966 suit Shepherd's first pleading was a plea to the court's jurisdiction of the subject matter on the ground that the district court was without power to entertain the suit as one in eminent domain. Without first determining the merits of Shepherd's plea to the jurisdiction, the trial court entered an order fixing a security deposit to be posted by the City, and then ordered the clerk of the court to disburse portions of the deposit to certain lien holders. The court further granted possession of the property to the City. Thereafter, several months later, the court ordered the balance of the deposit to be disbursed to Shepherd.

Subsequent to these orders, the district court found it had no jurisdiction of the cause and entered final judgment dismissing the action for want of jurisdiction of the subject matter. After the court announced its ruling, and prior to entry of judgment dismissing the case, Shepherd returned to the registry of the court, subject to withdrawal by the City, the entire amount of the security deposit, including all sums disbursed to the lien holders.

At no time in proceedings had in the earlier suit was there convened a tribunal to determine the just compensation to which Shepherd was entitled for the taking and appropriation of his property by the City of Austin.

On appeal the City argues that by withdrawal of the security deposit, fixed by the trial court, Shepherd caused title to vest in the City and barred himself from any subsequent cause of action in which claim to title could be put in question, even if only as a formality, as in the present action of inverse condemnation. The City argues that withdrawal of the deposit, on November 27, 1967, functioned not only as consent to the taking, but also changed the character of the action into one limited to issues of recovery of money for damages and compensation. Since recovery of real estate, the City reasons, was not in issue after withdrawal of the deposit, the action became one in debt and recovery of money damages, barred by statute after two years. Art. 5526, secs. 1 & 4 (1958), V.A.C.S. Even if not barred as a claim for money damages after two years, the City contends, suit was barred after four years as a civil action

other than for recovery of real estate. Art. 5529 (1958), V.A.C.S.

Shepherd brings two points of error urging that the trial court erroneously sustained these contentions of the City below. We sustain appellant's contentions under both points of error.

■■■■ Dismissal of the City suit in 1972 for want of jurisdiction of the subject matter became final. No appeal was taken by either party, and the judgment is binding on all parties. The effect of a judgment, dismissing an action for want of jurisdiction of the subject matter, is to render void the entire proceedings taken in the cause so dismissed. *San Lorenzo Title and Improvement Co. v. City Mortgage Co.,* 48 S.W.2d 310 (Tex.Civ.App. El Paso 1932), affirmed, 124 Tex. 25, 73 S.W.2d 513 (1934). The rule, as stated in McDonald, is that "In civil actions Texas continues to respect 'the tradition that getting into the wrong court is a monstrous sort of error which ruins the case beyond redemption, and that nothing remains but to hold the entire proceeding null and void from the beginning.'" 1 McDonald, Texas Civil Practice, sec. 1.18, quoting from Sunderland, *The Problem of Jurisdiction,* 4 Tex.L.Rev. 429, 436 (1926). The appropriate order, and the only one "a court properly may enter upon discovering its lack of jurisdiction of the subject matter[,] is to dismiss the cause." McDonald, *idem,* and cases cited in footnote 4.

The City relies on decision of the Supreme Court in *City of San Antonio v. Grandjean,* 91 Tex. 430, 41 S.W. 477 (1897), rehearing denied, 91 Tex. 430, 44 S.W. 476 (1898), for the proposition that there is a waiver of jurisdictional error when a compensation award is accepted. *Grandjean* is not controlling under the facts of this case and may be distinguished in several respects. In *Grandjean* the court was concerned with jurisdiction of the *person,* rather than the subject matter of the suit, and in that case acceptance by the condemnee was of an award made by special commissioners appointed to assess damages and not a security deposit ordered by a district judge. Finally, the litigation barred in *Grandjean* was by challenge of jurisdiction in a separate suit in district court, following earlier acceptance of the commissioners' award in the eminent domain proceedings in county court. Shepherd questioned jurisdiction of the district court in the proceedings brought in 1966 from inception of that suit, brought by the City ostensibly to condemn in district court instead of county court.

The effect of the judgment dismissing the prior suit in October of 1972 was to put ". . . the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." The prior suit was ". . . in no way an adjudication of the rights of parties . . ." *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex.Sup. 1962); *Schenker v. City of San Antonio,* 369 S.W.2d 626, 630 (Tex.Civ.App. San Antonio 1963, writ ref. n. r. e.); *Transamerica Insurance Company v. Frost National Bank,* 501 S.W.2d 418, 422 (Tex.Civ.App. Beaumont 1973, writ ref. n. r. e.); 4 McDonald, Texas Civil Practice, sec. 17.20 (1971).

Whatever consent to the taking of his property may have been implied by Shepherd's temporary withdrawal of the security deposit ordered by the district court was negated when the court dismissed the suit for want of jurisdiction of the subject matter, and the parties were then left in the same position they held prior to suit. The present action by Shepherd is one of inverse condemnation, and the appropriate statute of limitations in such suits is the ten-year statute. *Brazos River Authority v. City of Graham,* 163 Tex. 167, 354 S.W.2d 99, 109 (Tex.Sup.1961). This lawsuit was brought well within the limits of the statute, and we find it unnecessary to determine applicability of Article 5539a (1958), V.A.C.S., which concerns refiling of suit after dismissal of an earlier suit for jurisdictional reasons. See 4 McDonald, Texas Civil Practice, sec. 17.20 (1971).

The City, by its first counterpoint, claims that appellant failed to bring certain essential matters forward in the record. This Court granted appellant's motion to file

supplemental transcripts, which were thereafter filed, and the City has moved to strike the supplemental transcripts. We overrule the City's contentions in this respect.

The judgment of the trial court is reversed. The cause is remanded to district court for trial.